Argued September 17, affirmed as modified November 4, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
DODGE, *Respondent, and* DODGE, *Appellant.*

527 P2d 750

*Gerald R. Pullen,* Portland, argued the cause and filed the brief for appellant.

*Marcus A. Wood,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

THORNTON, J.

This is a suit for dissolution of marriage. Appellant-wife appeals from that portion of the decree which awarded her $150 support per month until (1) she remarries, or (2) she becomes self-supporting, or (3) July 18, 1977, when the youngest child becomes 18 years of age. The wife argues that her support award should have been between $300 and $400 a month instead of the $150 awarded by the trial court, and that the award should continue until she remarries or reaches age 62. Her argument is the sole issue for our review.

In order to evaluate the wife's contention it is necessary that the other financial provisions of the decree be considered. The decree awarded custody of two minor children to the appellant-wife, and required the respondent-husband to pay the sum of $150 a month per child; required the husband to maintain his own life insurance policy, with the children as beneficiaries until they reach 21 years, and medical and hospital insurance on the children; awarded the family home to both parties as tenants in common; awarded the wife exclusive use of the home until she remarries or the children leave the residence, but in no event beyond the youngest child's eighteenth birthday; required the husband to make mortgage payments of $162 a month on the home, and provided that the home is to be sold

upon the termination of the wife's use, and the equity ($18,000 at the time of the decree) is to be divided equally between the parties.

■ Review of a support provision is de novo on the record, ORS 19.125 (3); *Chance and Chance,* 13 Or App 620, 510 P2d 1351, Sup Ct *review denied* (1973); *Newman v. Newman,* 8 Or App 220, 493 P2d 71, Sup Ct *review denied* (1972). The trial court's findings are only given weight with respect to disputed questions of fact where the credibility of witnesses is the issue, *Emery v. Emery,* 5 Or App 133, 481 P2d 656, Sup Ct *review denied* (1971).

ORS 107.105 (1)(c) sets forth statutory standards to apply in determining the amount and duration of support awards:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *

"(c) * * * In making * * * [a] support order, the court shall consider the following matters:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them; and

"(H) Such other matters as the court shall deem relevant."

The parties had been married 25 years at the

time of the decree. During this marriage the wife had devoted herself exclusively to being a wife and mother, except for a short period spent working outside the home. She is in generally good health and was 43 at the time of the decree. She has had no formal training in any field, with limited work experience as a medical receptionist. Although the wife was awarded custody of the two minor children, they are in high school and do not require that their mother be at home on a full-time basis.

The husband is a long-time employe of an established firm and earns approximately $1,240 a month net disposable income. Throughout the 25-year marriage the husband has been the sole support of the six-member family, and in the past has supplemented his income slightly through occasional after-hours' work as a musician. He is in good health and was 44 at the time of the decree.

We turn first to the question of whether the support payment is to be for a limited period or for a permanent period.

Although each case must be decided on its own facts, "* * * [t]he most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage * * *." *Kitson and Kitson,* 17 Or App 648, 655, 523 P2d 575, Sup Ct *review denied* (1974).

"* * * If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated dif-

ferently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate." *Kitson and Kitson, supra* at 655-56.

■ We conclude that inasmuch as the wife is employable at an income that is not proportionate to the standard of living she enjoyed during the marriage, the decree should be and is hereby modified to require respondent-husband to provide support to the appellant-wife as hereinafter fixed until she (1) remarries, or (2) reaches age 62, or (3) dies, whichever is sooner.

By remaining in the home and discharging her responsibilities as a mother and homemaker during most of the 25-year marriage, the wife has missed many employment experiences. As we have already noted she has had no formal training or work skills, and her only work experience was as a medical receptionist. However, she is in good health and is able to work full-time. The record shows that appellant-wife has an income potential of between $300 to $400 a month, but because of her lack of work experience and formal skills we see little prospect for her to increase significantly her earning capacity. A potential $300 to $400 monthly income is not proportionate to the standard of living a $1,240 income provided.

We now turn to the question of the amount of the support award. In determining the amount of support payments to be paid we consider many of the same factors we examined in determining the duration of support payments.

"'* * * Among the matters to be considered are: The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them

as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health and ability to labor; and the wife's age, health, station and ability to earn a living. * * *'" *Hofer v. Hofer*, 247 Or 82, 87, 427 P2d 411 (1967).

For example, *see Elliker v. Elliker*, 1 Or App 18, 457 P2d 668 (1969).

■ We conclude that the award of $150 a month for the support of the wife would be adequate while the children are still minors and living in the home, and the husband is paying the additional sum of $300 a month to the wife for the support of the children. However after the children attain their majority, or leave the home, the sum of $150 a month, even with the addition of her own limited earnings, would not in our opinion provide her with a standard of living comparable to that which she would have enjoyed but for the dissolution of the marriage.

Accordingly, we conclude that the award for the support of the wife should be increased when the children either attain majority or leave the home, whichever first occurs, such increase to be made in two increments of $50 each, that is to say, when the older child attains majority or leaves, the monthly payment shall be increased to $200 a month, and when the younger child attains his majority or leaves, the monthly payment shall be increased to $250 a month.

The decree below is modified by increasing the award of support for appellant-wife in the manner provided for in the preceding paragraph, and by providing that such support payment shall continue until she (1) remarries, or (2) reaches age 62, or (3) dies, whichever is sooner.

Affirmed as modified.