638

Argued February 21, affirmed as modified March 24,
reconsideration denied April 23, petition for review
denied April 29, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
HINSDALE, *Respondent, and* HINSDALE,
*Appellant.*
532 P2d 1137

*Gary M. Bullock,* Portland, argued the cause and filed the brief for appellant.

*William F. Thomas,* Portland, argued the cause and filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Appellant-wife appeals from a dissolution of marriage decree, contending that the trial court erred (1) in the amount of support awarded to her, (2) in the duration of the support award, and (3) in the failure to award her attorney's fees.

The parties were married in 1955 and have two adopted daughters, who were 15 and 12 years of age at the time of the decree. The wife was awarded per-

manent custody of the older daughter and temporary custody of the younger daughter. The decree provides that the husband is to pay $250 per month child support for each child, and he is to pay $400 per month support to the wife. Support for the wife is to continue for a period of 18 months. The decree also included a complex property division. That portion of the decree is not in issue.

■ Our review, of course, is de novo upon the record. ORS 19.125(3); *Dodge and Dodge,* 19 Or App 363, 527 P2d 750 (1974).

The evidence shows that the husband was age 42 at the time of the decree and is in good health. He is an engineer and a licensed real estate broker. His sizable holdings in several closely held family businesses account for the majority of his income and personal assets. From the record we have determined that the husband earns approximately $34,000 a year in salary, $2,000 in interest income, and an undetermined amount of income from his holdings in the family businesses. In 1973 his business interests produced approximately $27,000. According to our computation the husband has a gross income of approximately $63,000 a year. This estimate is consistent with the husband's own estimate of his 1974 gross income. There is no indication in the record that his income will not continue at approximately the same level or increase in future years.

We conclude from the record that the parties lived exceptionally well, particularly in recent years. This is indicated in part by the following: they lived in a well furnished $86,000 home in a fashionable neighborhood; the children attend a private school; the

family held memberships in the Multnomah Athletic Club and the West Hills Racquet Club; on occasion they went abroad for their vacations.

The wife was 46 years old at the time of the decree and also is in good health. She has a high school education and has had some business college training. She worked prior to and during the early years of the marriage as a private secretary. The wife has remained in the home for the last 15 years as a wife and mother with no work experience during this period.

The court awarded the wife approximately $180,000 in cash and assets as her part of the property division, including the family home, which is subject to a mortgage on which the balance owing is approximately $30,000. The husband was awarded approximately $150,000 as part of the property division.

We consider first the wife's contention that she is entitled to a permanent support award.

■ Although each case must be decided on its own facts, "* * * [t]he most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage * * * ." *Kitson and Kitson,* 17 Or App 648, 655, 523 P2d 575, Sup Ct *review denied* (1974).

> "* * * If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against

her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate." *Kitson and Kitson,* supra at 655-56.

By remaining in the home and discharging her responsibilities as a mother and homemaker during most of the 19-year marriage, the wife has necessarily been obliged to forego all employment experience. However, the evidence establishes that she is in good health and is capable of working. As we have noted, she has had experience as a private secretary. We recognize that it has been many years since the wife has worked and that her secretarial skills have undoubtedly diminished. The record offers no evidence of her earning capacity in today's market. Even if we were to accept the husband's contention that she could earn between $600 and $700 per month, which seems unusually optimistic, that figure still is not proportionate to the standard of living she enjoyed during the marriage.

■ We conclude that inasmuch as the wife is employable, but at an income that is not proportionate to the standard of living she enjoyed during the marriage, the decree should be modified to require the husband to provide support to the wife as hereinafter fixed until she (1) remarries, or (2) reaches age 62, or (3) dies.

We now turn to the wife's contention that she should be awarded more than $400 a month in support.

■ In determining the amount of support payments to be paid we consider many factors. ORS

107.105(1)(c) sets forth statutory standards to apply in determining the amount and duration of support awards:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * * *

"(c) * * * In making * * * [a] support order, the court shall consider the following matters:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them; and

"(H) Such other matters as the court shall deem relevant."

For example, *see Dodge and Dodge,* supra at 365.

There is evidence in the record that the living expenses of the wife and two daughters total approximately $1,550 a month. This includes a monthly mortgage payment of $416 on the home. It also appears from the record that the wife and two daughters will have a monthly income of $1,200 when support payments plus cash returns on assets are totaled. This will leave a monthly deficit of approximately $350 in the wife's budget.

The wife contends that she is not psychologically

suited for work, and that she must stay at home with the younger child who suffers from speech and hearing deficiencies and who may be hyperkinetic. In our discussion above we have determined that the wife is employable, but there is merit to her contention that the younger daughter requires more than an ordinary amount of care and supervision by the mother at this time.

The record indicates that the husband's earning capacity, financial condition and property rights enable him to pay more than that awarded; in fact he was paying for all the expenses of the wife and children after the couple separated in 1974 and up to the time of the decree.

We conclude that it would be in the best interest of these children that the mother and children be able to continue to reside in the family home until the youngest child reaches her majority or otherwise becomes emancipated, and that all should be able to enjoy, as nearly as possible, during this period a living standard not too disproportionate to that to which they have become accustomed. This would be assured if the husband pays $550 in support to the wife, and if the wife seeks some type of work to supplement the difference between her income and monthly expenses. This represents a sacrifice for both parties, but it is justifiable in order to maintain as much stability in the home life of the children as possible.

If the wife is not immediately able to find the kind of work necessary to supplement her income she has sufficient cash assets as a result of the property division to cover any period of adjustment, possible retraining and job search.

The $550 monthly award is to continue as a permanent award until the youngest child reaches her majority or otherwise becomes emancipated, at which time it shall be reduced to $400 a month.

■ Lastly, we turn to the wife's contention that she was entitled to her attorney's fees as part of the decree. We note that the parties stipulated before trial that the court could award attorney's fees without the taking of evidence, and that the record contains a statement by her attorney of the hours devoted to the case.

The decree involved a very complex property division. An inspection of the record convinces us that the husband made the task of determining his net worth most difficult and time-consuming for the wife's attorney. The conclusion is inescapable that the husband attempted to devalue his property and minimize his assets.

It is true that the trial court awarded both parties enough cash to cover their attorneys' fees, but the wife, as respondent to the suit, was forced to go to unusual lengths in order to present her case in the matter of the property division. To expect the wife to pay her attorney's fees, which are much greater than would have otherwise been necessary if there had been cooperation and candidness on the part of the husband, from her portion of the property award is an inequitable result.

We conclude that the wife is entitled to a reasonable attorney's fee which reflects the extra expense that was incurred as a result of the above described tactics. We therefore further modify the decree by awarding the wife $3,500 in attorney's fees.

Affirmed as modified. No costs to either party.

FOLEY, J., dissenting.

In modifying the decree to require the husband to pay more than the $400 per month awarded by the trial court, it seems to me that the majority fails to take into account that the wife was awarded assets worth $150,000 as her part of the property division. This represents potential income to her which the trial court undoubtedly took into consideration in making the support award which it did.

I am satisfied that the decision of the learned trial judge, who saw and heard the witnesses, was fair and should be affirmed. I therefore dissent.