Argued April 22, affirmed May 27, reconsideration denied
July 2, petition for review denied September 3, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
IERULLI, *Respondent—Cross-Appellant, and*
IERULLI, *Appellant—Cross-Respondent.*

535 P2d 575

*Jack L. Kennedy,* Portland, argued the cause for appellant—cross-respondent. With him on the briefs were Kennedy & King, Portland.

*James B. Griswold,* Portland, argued the cause for

respondent—cross-appellant. With him on the brief were Green, Griswold & Pippin, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Both parties appeal from a decree dissolving a marriage of approximately 24 years' duration. The sole bone of contention, albeit a sizeable one, is the financial provisions of the decree.

The husband contends that the trial court erred:

(1) In awarding the wife a disproportionate share of the assets;

(2) In awarding excessive support to the wife; and

(3) In allowing the wife attorney fees and costs.

On her cross-appeal the wife contends that the trial court erred:

(1) In its evaluation and distribution of the assets of the parties;

(2) In awarding support to the wife that was not adequate either as to monthly amount or to term; and

(3) In awarding an insufficient amount as attorney fees.

The decree required the husband to pay to the wife support for one child of $150 a month, support for the wife of $1,350 a month for 10 years, and $14,205 for attorney fees and costs. It also directed the husband to assume numerous financial obligations, including the college expenses and maintenance of all six children, to maintain certain life insurance policies with the wife as beneficiary and to purchase an automobile for the wife.

At the time suit was filed the husband was

47 years of age and the wife was 43 years of age. Six children were born to the marriage; all are boys. The four oldest reside in Eugene and are attending the University of Oregon. The youngest, age 12, was placed in the custody of the mother; the next youngest, age 17, was awarded to the father. Both parties are in good health. The wife, however, has been obliged to undergo three post-partum vein surgeries on her legs. She did office and clerical work during the first year of the marriage. She has not worked outside the home since the first child was born, devoting her entire efforts to rearing the six children of the parties. She has a high school education plus two years at the University of Oregon.

The husband's income from his law practice over the past three years has averaged $67,130 a year. In addition he made extensive investments in real property and buildings, and has been involved in other successful financial ventures which have produced substantial additional income.

The parties enjoyed an excellent standard of living, particularly during the last one-third of their marriage. This is indicated by the fact that they lived in a large, expensive and well furnished home, they held memberships in two private athletic clubs, and enjoyed all the usual perquisites, pleasures and comforts of a family with substantial income.

The trial was unusually lengthy for a dissolution case, and the decree involved a very complex property division. Both parties agree that the trial judge made two computation errors in his valuations of certain of the assets. This is not surprising considering the complicated nature of the husband's holdings and the intricate accounting and tax considerations involved in establishing their value. The husband also asserts that the court drew erroneous conclusions from the evidence as to certain other valuations.

Both parties offered extensive testimony by certified public accountants concerning the proper method of valuing the husband's assets. Depending on which party's testimony one accepts, the wife received substantially less than one-half of the assets, or slightly more than two-thirds of the assets.

The alleged errors in computation involved the family residence and the Shakey's restaurant property. By reason of the court's division of the property, these errors largely canceled each other.

■ We have examined and considered the contentions of both parties as to alleged errors in the valuations of the property. Although there was room for argument on the amount arrived at by the court as to a number of the items involved, we believe that these valuations taken as a whole were reasonable and that the alleged errors claimed by both parties would not call for overturning the total division of property made by the trial judge. We conclude that the division was well considered, did not "critically jeopardize" assets awarded to each party, and was just and proper under all the circumstances. We do not think that we could improve on it.

■ The husband asserts that the support awarded to the wife is excessive as to amount and duration. The wife says it is not enough and in any event should be permanent. Again, we believe that the amount and duration fixed by the trial court are appropriate, given the standard of living the parties enjoyed. As in *Hinsdale and Hinsdale,* 20 Or App 638, 532 P2d 1137, Sup Ct *review denied* (1975), the record indicates that the wife is employable, although she has not worked in recent years. We believe that the wife should reasonably be expected to seek some type of job training leading to permanent employment, either full-time or part-time, in order to supplement what she will be receiving on a regular basis from

income-producing property and support payments awarded to her under the decree.

Lastly, we do not feel that this court should, as the husband contends, impose the wife's attorney fees on the assets she received pursuant to the trial court's distribution. Nor do we think that the trial court's allowance of attorney fees to the wife should be enlarged, as urged by the wife, in view of the substantial assets awarded to the wife under the decree.

Affirmed. No costs to either party.