Argued June 22, affirmed July 19, 1976

# In the Matter of the Dissolution of the Marriage of
## JACKSON, *Respondent,*
### *and*
## JACKSON, *Appellant.*
### (No. 73 2082, CA 5684)

551 P2d 1315

*Max S. Taggart, II,* Springfield, argued the cause for appellant. With him on the brief were Sanders, Lively & Wiswall, Springfield.

*Robert B. Dugdale,* Eugene, argued the cause for respondent. With him on the brief were Sahlstrom & Lombard, Eugene.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

Appellant-husband, 49 years old, seeks reversal of an order modifying a dissolution decree by providing permanent $450 per month support for wife, 48 years old. The marriage had been dissolved after some 23 years in June 1974, and $400 temporary support for wife was provided then, with agreement by the parties that consideration of permanent support would be delayed for approximately a year because of the unsettled condition of husband's finances. It was in the extensive hearing resulting from this arrangement that the order was made from which this appeal comes.

Substantial property was distributed between the parties in the original decree, and each party still retains benefits therefrom which we consider unnecessary to review here. Four children from the marriage are now grown. Wife worked only in the home during the marriage; since, she has sought education and has been licensed for sale of real estate. The trial court found that she "will have great difficulty in finding employment at other than a very low income level and that her earning capacity is and will be disproportionately lower than the earning capacity of * * *" husband. From our review of the evidence, we agree with this conclusion.

Husband protests that he is in desperate financial condition. He had been an owner with his brother in a corporation engaged in a ceiling tile business. The brother had taken over the corporation, but husband continues in the same kind of work. He testified on cross-examination that he was earning about $1,650 to $1,700 per month at that time—October 1975; in June 1975 he made a loan application, which is in evidence, for money to construct a duplex, stating therein that his "Gross Monthly Income" was $2,025 per month; and for 1974 his income tax return, in evidence, showed "Wages" of $23,625. We see ample reason to infer husband can anticipate $2,000 or more per month income.

[ 91 ]

The trial judge saw and heard the witnesses; he had better opportunity than we to judge the strengths and weaknesses of their contentions and inconsistencies. This is why in de novo reviews, where believability is important, we give substantial weight to the trial judges' findings. That principle is particularly applicable to the evidence we have reviewed in this case. We conclude that what was said in *Kitson and Kitson,* 17 Or App 648, 655-56, 523 P2d 575, Sup Ct *review denied* (1974), is applicable to the facts here and it was correctly applied.

Affirmed. Costs to neither party.