Argued November 19, 1976, affirmed, costs to respondent January 17,
reconsideration denied February 23, petition for review denied
March 15, 1977

# In the Matter of the Dissolution of the Marriage of
## KENT, *Appellant,*
### *and*
## KENT, *Respondent.*
### (No. 421155, CA 6429)
558 P2d 1262

Allen L. Fallgren, Portland, argued the cause and filed the brief for appellant.

James W. McClurg, Portland, argued the cause for respondent. With him on the brief were Kennedy & King, Portland.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

Husband appeals from the financial provisions of the decree of dissolution of this 26-year marriage, contending that the trial court erred (1) in awarding $500 a month permanent spousal support, (2) in requiring husband to maintain a policy of medical coverage through his employer for the benefit of wife, subject to review by the trial court of the amount of monthly spousal support should such coverage not be available, (3) in requiring husband to make wife irrevocable beneficiary of his $65,000 life insurance policy, which was being paid for by husband's employer, and (4) in failing to award husband at least a $10,000 lien against the family residence. (The court allowed a $5,000 lien to husband payable within five years.)

The husband and wife are both 48 years of age. They have two grown daughters. The youngest daughter, JoAnne, is a sophomore at Oregon State University, and lives at home during vacation periods. Both parties have been contributing to JoAnne's expenses at Oregon State University. Neither custody nor child support is an issue.

The challenged financial provisions are adequately summarized in husband's assignments of error.

Husband is the sales manager of a major corporation, affording the family a good standard of living. His 1975 tax return showed an income of $27,680. He estimated that his annual income in 1976 would shrink to $24,000. Wife disputes this, contending that husband was grossly underestimating his future income; that his income has increased every year since he went with his present employer; and that his salary plus commissions would probably exceed $36,000 in 1976.

Wife is afflicted with anemia and advanced rheumatoid arthritis. She is under the care of several physicians, and is required to take numerous medica-

tions for her condition. Although she is considerably crippled by her arthritis, she is presently working full-time in a clerical position. Her net monthly salary is approximately $460. How long her affliction will permit her to continue working is conjectural.

The principal physical asset is the couple's residence, which is located in a suburban residential area near Portland. The home, which was assessed at $49,080, was awarded to the wife under the decree, subject to the above mentioned $5,000 lien, plus a mortgage in the amount of $26,583, which wife agreed to assume.

Husband has a retirement plan provided by the employer which will vest in a year and will pay him $670 a month for life starting at age 65. He is also participating in a generous company stock-option plan.

From our examination of the record we conclude as follows:

First, the $500 a month spousal support was proper considering all of the appropriate factors involved here, particularly the duration of the marriage, wife's physical condition, living expenses (including substantial monthly payments to JoAnne), and the disparity between the earning capacity of the parties. ORS 107.105(1)(c). Where the ex-wife is employable but at an income which is disproportionate to her standard of living during the marriage, "then, generally speaking, permanent support is appropriate." *Kitson and Kitson,* 17 Or App 648, 656, 523 P2d 575, 579, Sup Ct *review denied* (1974); *Hinsdale and Hinsdale,* 20 Or App 638, 532 P2d 1137, Sup Ct *review denied* (1975).

Second, we see nothing improper in requiring husband to continue to carry wife as a part of his employer-sponsored health insurance package, provided that such coverage is available to ex-spouses. Nor do we find objectionable the action of the trial judge in leaving open the upper limit of the spousal

support provision until it is determined if an ex-spouse can be included in such health insurance coverage.

■ Third, we see no legal objection to requiring that wife be made an irrevocable beneficiary of husband's $65,000 life insurance policy.

■ Fourth, we cannot agree that the amount of husband's lien on the residence should be increased to $10,000 considering that the mortgage obligation now being assumed by wife is more than half the assessed valuation of the residence.

It may be that after the husband retires the $500 a month spousal support should be reduced in order to reflect the decrease in husband's income. If so, husband can, if he chooses at that point, file a petition for modification of the decree based upon a change of circumstances.

Affirmed. Costs to respondent.