Argued December 16, 1976, affirmed, costs to neither party January 24, 1977

In the Matter of the Marriage of
CHURCHILL, *Respondent,*
*and*
CHURCHILL, *Appellant.*
(No. D-8663, CA 6902)
558 P2d 1305

Charles J. McClure, Tigard, argued the cause and filed the brief for appellant.

Richard Wm. Davis, Portland, argued the cause for respondent. With him on the brief were Lindsay, Nahstoll, Hart & Krause, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

THORNTON, J., dissented.

**FORT, J.**

Appellant wife appeals from that portion of a dissolution of marriage decree which divided the property. She also seeks permanent alimony in lieu of the one-year period allowed, and also increased attorney fee award.

The marriage lasted approximately 30 years and produced two children, now emancipated. Both parties are employed full time, but the husband earns more than twice what the wife does. The principal assets are the home property, the husband's interest in his employer's retirement fund, and a lot and trailer home at the beach. The court ordered the five acre home property sold subject to its encumbrances, and the proceeds divided equally, gave the beach property, subject to its encumberance, to the wife, and awarded the interest in the retirement fund to the husband, who was also required to assume all other outstanding debts, which exceeded $2,300, and to pay the wife $200 a month support for one year, unless the home property was sold sooner. The wife was also allowed use of the home until it was sold.

Appellant relies in her brief on *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974). In *Kitson* the wife was not employed, although she said she was seeking work. Here, on the other hand, the wife had worked regularly full time during the past four years of the marriage, earning over $500 a month and altogether about half the time during the marriage. In *Kitson* the wife had a 12-year-old daughter living with her. Also, the husband's earnings were a third greater than here. Here the two children of the marriage were emancipated.

In addition to allowing wife up to one year's rent-free occupancy of the house before requiring that it be sold and the proceeds divided equally, she was also awarded a beach lot with mobile home located thereon having an equity in excess of $5,000. While the husband earned more than did the wife, a substan-

[ 273 ]

tial portion was the result of overtime work. Although both were fully employed, neither enjoyed the best of health.

From our examination of the record we conclude that the decree fairly divided the property, awarded proper support, and allowed the wife a sufficient amount toward her attorney fees.

Affirmed. Costs to neither party.

**THORNTON, J.,** dissenting.

In view of the length of this marriage, the age of the parties and the substantial disparity in their earning capacities, I believe Mrs. Churchill is entitled to have a modest amount of permanent spousal support.

I would modify the decree to allow the wife $100 a month until her death, remarriage or reaching age 62, whichever occurs sooner. *Accord: Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974); *Jackson and Jackson,* 26 Or App 89, 551 P2d 1315 (1976); *Cupp and Cupp,* 22 Or App 478, 539 P2d 1120 (1975); *Kent and Kent,* 28 Or App 107, 558 P2d 1262 (1977).