Argued December 16, 1976, affirmed, costs to neither party
January 31, 1977

In the Matter of the Marriage of
HORVATH, *Respondent,*
*and*
HORVATH, *Appellant.*
(No. 31092, CA 6903)
559 P2d 911

Robert Mix, Corvallis, argued the cause and filed the brief for appellant.

Henry R. Dickerson, Corvallis, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this dissolution of marriage proceeding, husband appeals from the court's division of the marital assets.

Husband and wife, aged 45 and 44 respectively, had been married 21 years at the time of the hearing below. The court awarded custody of the parties' two children, aged 14 and 12, to wife. Wife is in good health, but husband is a triplegic and confined to a wheelchair as a result of contracting multiple sclerosis, a progressively debilitating terminal illness about which little is known and for which there is no cure.

Wife has worked as a librarian throughout the marriage and now earns approximately $20,000 a year. Husband was formerly an air force officer but retired because of his illness. He receives disability payments from the Veterans' Administration of $21,432 a year and $265 a month from Social Security for the support of the children.[1]

The parties accumulated assets totaling approximately $190,200, including a house worth $60,000. The court awarded approximately $97,200 in assets to wife, including the house, and $93,000 in assets to husband, including $40,000 in stock from which the court ordered husband to establish an educational trust for the children.[2] The house has been remodeled through the use of a $10,000 Veterans' Administration grant to accommodate husband's special needs. Husband's only contention on appeal which warrants discussion is that he should be allowed to occupy this house.

It is not often a simple task to arrive at an equitable

---

[1] The court ordered that husband continue to apply the Social Security payments to the support of the children. The court made no provision for spouse support to be paid by either party.

[2] Husband contends that the court should not have ordered him to form an educational trust for the children from the $40,000 in stock. However, such an order is expressly permitted by statute, ORS 107.095(1)(f), and was justified under all the circumstances of this case.

distribution of marital assets—and certainly not here. The hearing below, at which only wife testified,[3] was charged with emotion,[4] and the court endeavored with patience and compassion to arrive at a proper division of the assets and to minimize further disruption in the lives of both the parties and the children. Upon reviewing the record, and giving due deference to the court on matters of credibility and demeanor, and the inferences to be drawn therefrom, *Dodge and Dodge,* 19 Or App 363, 527 P2d 750 (1974), we find that we cannot improve upon the division of assets ordered by the court.

Affirmed. Costs to neither party.

---

[3] Husband's condition was apparently such that he could not testify, although he did submit an affidavit setting forth his contentions as to a proper property division.

[4] The breakup of the marriage was precipitated by an altercation which culminated with husband's wounding the wife with a gunshot.