Argued and submitted September 17,
affirmed as modified November 24, 1980

In the Matter of the Marriage of

JENSEN,
*Appellant - Cross-Respondent,*
*and*
JENSEN,
*Respondent - Cross-Appellant.*

(No. D7904-62613, CA 16789)

619 P2d 676

Michael J. Esler, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Esler & Schneider, Portland.

Ann Morgenstern, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Husband appeals from the financial provisions of the decree dissolving a marriage of twelve years. He contends that the court erred in (1) awarding spousal support to wife of $600 a month for the next five years, and (2) awarding wife too great a share of the marital assets, plus a judgment for $30,000, payable over a five-year period with interest at 9 percent per annum, together with her attorney fees.

Wife cross-appeals, contending that the court erred in (1) failing to award her one-half of a certain promissory note, (2) failing to award her $1,000 a month permanent spousal support, and (3) failing to award her an adequate amount of money to enable her to buy a home.

Custody of two sons, aged 9 and 11 years, was awarded to husband, who has continued to live in the family home. Wife does not cross-appeal from this portion of the decree.

Husband is a dentist. He has two children by a previous marriage. Both were emancipated and living elsewhere by the time of trial. His current net income is approximately $2,800 a month. He testified that it was his present intention to retire in six more years, at age 65, and that this would decrease his income very drastically. He was 59 years of age at the date of trial, while wife was 35 years of age. She had formerly been employed as his dental assistant. At the time of trial she was working for a physician as a receptionist at a salary of $800 a month with a net take-home pay of $570 a month.

Husband asserts that wife received assets worth more than $155,000 (husband's computation), including cash and other assets, plus $600 a month spousal support for five years, while he received net marital assets of only $25,000.

Wife attacks husband's credibility as to his plans for retirement, his health, monthly expenses, assets and the value of his dental practice. She asserts that a year before trial husband testified on deposition that he had no plans to retire. She states that she lives in an apartment

and that she has no place for her sons to stay when they come to visit her. Wife agrees, however, that the boys are better off living in the former family home with their father where they can continue attending the same school as before and where all their friends are located.

■ From our review of this record we conclude that the trial judge made an equitable division of the marital assets. While wife received a seven-unit apartment complex in Portland worth $40,000 and the two Hawaii condominium properties worth $56,541, husband received the family residence worth $155,022. Personal property, insurance policies, investments and husband's private pension plan were also divided approximately equally.

Further, while wife was given a judgment of $30,000 and her attorney fees of $4,882, husband in addition received as his sole property his Oregon Dental Association Keogh retirement account as well as his military retirement and certain other marital assets. We do not feel that husband has cause for complaint here. The gross income from husband's professional corporation went from $101,000 in 1977 to $149,000 in 1978. His gross salary was increased to $54,000 per year in 1979.

■ As to the spousal support, both husband and wife are objecting on this score. From our examination of the record we believe that under all the circumstances the allowance of $600 a month for five years was appropriate. Wife feels that this should have been raised to $1,000 a month and made permanent. We conclude that permanent spousal support in the amount of $250 a month is appropriate in this case. *See Grove and Grove,* 280 Or 341, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1977); *Maurer and Maurer,* 49 Or App 355, 619 P2d 964 (1980); *Hinsdale and Hinsdale,* 20 Or App 638, 532 P2d 1137, *rev den* (1975). Wife has only a high school education and no special skills except what she learned as a dental assistant working for husband prior to the marriage. While she now has a job as a medical office receptionist her income is quite small; her future income is going to be unreasonably disproportionate to that which she would have enjoyed but for the dissolution. In addition, in view of the exceptionally high standard of living enjoyed by husband and the sons, wife should have sufficient

income to provide comparable food, recreation, entertainment and incidentals for the boys when they visit their mother during the court-ordered visitation periods. The evidence was that she is unable to afford these incidentals.

Accordingly, we modify the decree to provide permanent spousal support of $250 a month commencing at the end of the five-year period when she ceases to receive the $600 a month provided for under the trial court's decree.

Affirmed as modified. Costs to wife.