Argued November 20, affirmed as modified December 15, 1975,
reconsideration denied January 21, petition for review
denied February 10, 1976

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

MAYEDA, *Respondent, and* MAYEDA
(No. 407359), (CA 4706), *Appellant.*
543 P2d 39

*Burton J. Fallgren,* Portland, argued the cause and filed the brief for appellant.

*Charles Robinowitz,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

The wife appeals from a dissolution of marriage decree contending that the trial court erred in awarding her insufficient support, an inadequate share of the parties' assets and in refusing to award her attorney's fees.

The parties had been married for 16 years and have one child, a boy 15, custody of whom was awarded to the wife. Husband does not appeal.

The wife, age 37, was employed for many years as a beautician, but because of an automobile accident in 1969 has been unable to work in this capacity. The injury prevents her from being on her feet for prolonged periods. She desires, and is physically able, to work as a secretary, but lacks the necessary training.

The husband, age 42, is employed by a stevedoring company as a supervisor and nets approximately $830 per month. His employer also provides him with an automobile and pays for his food and lodging when he is required to be away from home, which is about two weeks per month.

The trial court awarded the wife a half interest in the parties' principal asset, their home, which has an equity of approximately $39,000 and is currently up for sale. Wife also received all the furniture, appliances, household goods and her personal belongings. In addition she was awarded a 1972 automobile and one-half of parties' 1974 tax refund.

The husband was awarded one-half interest in the house and his personal belongings. The decree requires husband to pay several overdue mortgage payments totaling approximately $650, the $2,000 owing on wife's automobile, and several years' back property taxes owing on the home, as well as some other outstanding bills.

■ We consider first the wife's contention that she received less than her fair share of the assets. After reviewing the evidence de novo we do not believe the record supports this contention.

■ Regarding wife's contention that she did not receive sufficient support, for the reasons which follow we believe the husband can afford no more at present.

Of his $830 monthly take-home pay, the husband is already obligated to pay over $500 per month in the form of support for the wife and son, payments on the wife's automobile and his half of the mortgage. In addition, husband has overdue bills to pay.

■ As to the duration of the support wife was awarded, it is our conclusion that the trial court erred in

awarding her only temporary support. After evaluating the factors set forth in ORS 107.105(1)(c), especially the respective earning capacities of the parties, we conclude that wife should receive $150 per month for two years and thereafter $100 per month until she remarries or dies. We have reached this conclusion because we are convinced, after reviewing the record de novo, that the wife, even after completing her secretarial training and obtaining employment, will not be able to enjoy a standard of living anywhere near as high as she enjoyed during the 16 years of the couple's marriage. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974). The husband, on the other hand, has a good income and can afford such a long-term obligation.

■ Considering the support awarded and the division of the assets, we think the trial court properly refused to award the wife attorney's fees.

Affirmed as modified. No costs to either party.

SCHWAB, C. J., dissenting.

I would not disturb the trial court's decree.