Argued June 25, affirmed as modified July 19, reconsideration denied August 25, petition for review denied September 14, 1976

In the Matter of the Dissolution of the Marriage of
## GUNDERSON, *Respondent,*
### *and*
## GUNDERSON, *Appellant.*
### (No. CC 75-96, CA 5579)

551 P2d 1317

*Hayes Patrick Lavis,* Astoria, argued the cause for appellant. With him on the brief were Anderson, Fulton, Lavis & Van Thiel, Astoria.

*Nicholas D. Zafiratos,* Astoria, argued the cause for respondent. With him on the brief were Zafiratos & Roman, Astoria.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

[ 115 ]

## THORNTON, J.

Wife appeals from the decree of dissolution, contending that the trial court erred: (1) in not giving her an adequate share of the property acquired during the marriage; (2) in awarding an inadequate amount for her future support; and (3) in not giving her custody of the minor daughter, with an appropriate allowance for the daughter's support.

At the time of the hearing husband was 47 years of age, wife was 45. The parties were married for 26 years. Three children were born to the marriage. However, the daughter, age 16 years, is the only dependent and is living at home.

The decree divided the real and personal property approximately equally, and awarded custody of the daughter to husband and ordered husband to pay wife $100 a month support for one year. The decree further provided that husband should have possession and occupancy of the family home in Astoria until the daughter graduated from high school, at which time the home is to be sold and the sale proceeds divided equally between husband and wife. Wife received part of the furniture and furnishings from the family home.

The husband is a high school teacher earning a net salary of approximately $679 a month. He is exceptionally industrious and teaches night classes as well, earning an additional salary. Added to this, he has engaged in a commercial fishing venture in Alaska each summer. Most recently he earned a gross of $18,000 and a net of $3,500 in this activity during the summer of 1975.

The wife for the most part has been a full-time mother and homemaker during the marriage, although she also operated a gift shop for three or four years. Later, she was employed briefly in a nursing home, earning $210 net per month. In addition she does some minor odd jobs.

The husband argues that he should not have to subsidize wife when she will not try to help herself by curbing her excessive use of alcoholic liquor. A similar contention was advanced by the ex-husband in *Reed v. Reed,* 12 Or App 371, 507 P2d 55 (1973), where the wife also suffered from a drinking problem. Reed argued that he had already expended substantial sums for treatment of her alcoholism during the marriage, and that his future support obligation should now be terminated. We held in effect that the wife's difficulties with alcohol would not relieve the husband of his support obligation.

■  We conclude that the property division was essentially fair and equitable but that considering all factors, especially the disparity in the earning capacity of the parties, wife is entitled to have the $100 a month support continued until she reaches age 62, remarries or dies. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974).

■  Without detailing the evidence, it is sufficient for us to say there is evidence in the record which justifies the action of the trial judge in decreeing that the custody of the daughter should be awarded to husband. Although the daughter expressed a preference for living with the wife, based upon our own *de novo* review we reach the same conclusion as did the trial judge who saw and heard the witnesses, namely, that the best interests of the daughter would be served by placing her with her father.

Affirmed as modified. No costs to either party.