Argued August 24, remanded with directions September 7, reconsideration denied October 20, petition for review denied November 9, 1976

In the Matter of the Dissolution of the Marriage of
MAYEDA, *Appellant,*
*and*
MAYEDA, *Respondent.*
(No. 407-359, CA 6115)
554 P2d 607

*Charles Robinowitz,* Portland, argued the cause and filed the brief for appellant.

*Burton J. Fallgren,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort, Judge, and Sloan, Senior Judge.

SLOAN, S. J.

## SLOAN, S. J.

This dissolution case was previously before this court on the merits. *Mayeda and Mayeda,* 75 Adv Sh 4236, 23 Or App 597, 543 P2d 39 (1975), Sup Ct *review denied* (1976). When the mandate of this court was returned to the circuit court, the court was persuaded to make a modification in the original decree that the opinion and mandate of this court did not justify. Husband appeals.

The decree originally entered by the trial court in this case provided that the equity in a home property be divided following a proposed sale of the property. The decree specifically provided that mortgage and tax liens against the property were to be paid from the proceeds of the sale and the balance divided equally between the parties. The decree also required the husband to pay in full certain other debts.

The opinion of this court, in summarizing the provisions of the decree then under review, erroneously stated that the decree required the husband to pay all of the debts and back taxes. However, the only modification of the decree ordered by this court was an increase in the support payments to the wife. No other modification in the decree was made.

The mandate of this court recited that the decree entered below is affirmed as modified. Consequently, the only modification specifically required by the mandate was the provision for support payments. There was no reason, therefore, for the trial court, upon receipt of the mandate, to consider any other modification of the decree and it was error to change the provision in the original decree relative to the payment of taxes. ORS 19.190.

That order of the trial court is set aside with directions to enter the mandate with the one modification made by this court.

The second assignment relates to the modification of support payments mentioned above. In the original

[ 693 ]

decree the court ordered support payments of $150 per month for a period of one year commencing May 1, 1975. The decree granted leave to "reapply" for an extension of the support payments before the end of the year. This was modified on the appeal to order payments of $150 per month for two years and a continued payment of $100 per month until the wife remarries or dies. In the opinion, and in the court's order entering the mandate, the dates for the starting and ending of the two-year period were not specified.

On this appeal the husband, by this second assignment, argues that the dates should be specific. We agree. The two-year period should commence as of the date fixed in the original decree, i.e., May 1, 1975, and be reduced to $100 per month after 24 such payments.

The case is remanded with directions to enter the mandate in accordance with this opinion.