Argued September 23, affirmed as modified November 8, reconsideration denied December 15, petition for review denied December 28, 1976

In the Matter of the Marriage of
SLIEDRECHT, *Appellant,*
and
SLIEDRECHT, *Respondent.*
(No. 417-450, CA 6351)
555 P2d 928

*Francis E. Harrington,* Portland, argued the cause and filed the brief for appellant.

*Alonzo P. Stiner,* Portland, argued the cause for respondent. With him on the brief were Lovett, Stiner & Fasano, PC, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

**FORT, J.**

The husband appeals from the spousal support provisions of the decree dissolving the marriage of the parties. He contends that the trial court erred in awarding the wife support of $400 per month for the first year and $300 per month thereafter until her remarriage.

The parties were married in 1957 ard separated in 1974. No children were born of the marriage, but the husband adopted the wife's daughter, who is now 26. The husband, age 42, is the catering manager of a major hotel, earning a salary of $17,550 in 1974 and $19,492 in 1975. He will receive retirement benefits. The wife, age 49, was not employed at the time of trial. She had worked before marriage as a grocery store checker, and for periods during marriage her work outside the home included positions as sales clerk, cashier, hostess, and records clerk. All of these positions required her to be on her feet, which her physician has now advised her against in light of her recent health problems. In 1974 she had a vein stripping operation, and in 1976 a hysterectomy; she also suffers from a permanent degenerative disc condition. The only training she has had for a position within her physical limitations is the college courses in business English and simple accounting she took before her marriage.

However, from January 1975 to July 1975 she was employed full time as a records clerk in a nursing home where she kept the patients' medical records, made admissions to the home and served as a receptionist, earning $440 a month. This employment was after her vein stripping surgery. She left the position because of "personal reasons" which apparently culminated in the hysterectomy of January 1976. At the trial she testified that she hoped when released by her doctor to obtain a similar type of employment at approximately that rate of pay. *Gunderson and Gunderson,* 26 Or App 115, 551 P2d 1317, Sup Ct *review denied* (1976).

The trial court awarded to the husband family assets worth $20,562, and to the wife family assets worth $25,221. The husband contends that in view of the wife's receipt of a greater share of the family assets, her varied work experience, and her recovery from her operations, spousal support should have been set at a lower amount and limited to three years' duration.

Given the length of the marriage and the husband's substantial income, it is necessary that she initially rely largely upon his funds, rather than be required to significantly deplete the assets she has received, to enable herself to receive the training she needs to obtain employment within her physical limitations. Once she has had an adequate opportunity to improve her earning capacity, a smaller contribution by the husband to her support is warranted. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974); *Mayeda and Mayeda,* 23 Or App 597, 543 P2d 39 (1975), Sup Ct *review denied* (1976). At age 49, the wife has ample time to become eligible for social security benefits of her own. Therefore, we conclude that the husband be required to pay spousal support of $300 per month for one year from the date of the original decree and $150 per month thereafter until the wife reaches the age of 65 or remarries.

Affirmed as modified. No costs to either party.