Argued January 31, affirmed February 20, 1973

## STIANSON, *Respondent, v.*
## STIANSON (No. 71-328 E), *Appellant.*

506 P2d 518

*Alan M. Lee,* Klamath Falls, argued the cause for appellant. With him on the brief were Smith & Lee, Klamath Falls.

Robert S. Hamilton, and Beddoe & Hamilton, Klamath Falls, filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This is an appeal from a decree dissolving the marriage of the parties and awarding the custody of two minor children to the father. At the time of the decree the husband was 39 years of age, the wife 38, and the children, both boys, were aged 14 and 8. The only assets of the parties other than their personal effects were some household goods, a 1961 pickup truck and a 1969 automobile. The record is silent as to the exact value of the household goods, but we gather from the surrounding circumstances that their value was not great.

The husband was employed in a mill with a take-home pay of about $450 per month. He had several hundred dollars worth of debts, including a $1300 encumbrance on the 1969 automobile. The court gave the father the custody of the children and awarded him the household furnishings and the truck. The wife was awarded the automobile, subject to the encumbrance, and the sum of $1800, payable at the rate of $100 per month.

On appeal the wife contends that she should have been awarded the custody of the children and permanent alimony. In support of her claim for alimony she argues that she is too ill to obtain and hold gainful employment. While the record indicates that she may not be in robust health, it does not support her contention that she is unable to enter the labor market, at least in a clerical capacity for which she has some background of training and experience.

■■ We agree with the trial judge's conclusion as to custody, *see, Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973). It follows that an award of permanent alimony would be wholly inappropriate. A 38-year-old

employable woman without responsibility for anyone but herself is not so likely to be in need as to justify requiring a father with two children to support, and total net income of $450 per month, to divert part of that income for alimony—particularly when for an 18-month period he is going to have to meet his family responsibilities on $350 per month.

Affirmed.