Argued May 17, affirmed as modified June 17, review denied
August 6, petition for review denied September 4, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
KITSON (No. 383-109), *Appellant, and* KITSON,
*Respondent.*
523 P2d 575

*Walter H. Evans, Jr.,* Portland, argued the cause for appellant. On the brief were Evans & Peek, Portland.

*Donald W. Andrews,* Portland, argued the cause for respondent. On the brief were Rader, Kitson & Andrews, Portland.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

In this dissolution-of-marriage case, appellant-wife contends the trial court erred in failing to award her permanent support. The trial court's decree limited respondent-husband's support obligations to three years.

When an Oregon court dissolves a marriage, it must also determine a number of interrelated subsidiary questions, such as property division, child custody and support, etc. Three especially interrelated questions are: (1) whether to order one party to contribute to the support of the other; (2) if so, in what amount; and (3) for what duration.

There is limited authority on the question of *duration* of support, as distinguished from *amount* of support. A legal encyclopedia primarily discusses duration of support payments as being limited only by the death of either the husband or wife, or the remarriage of the wife. 24 Am Jur2d 760-69, Divorce and Separation, §§ 641-650. However, it also notes:

> "In several jurisdictions it is rather common to limit the duration of an award of permanent alimony to a definite period, such as a period of one year or a period of 2 years, the award being designed to support the wife while she is seeking employment. Especially is this the practice where a marriage has lasted only a short time and the wife worked before her marriage; the trial court should award alimony only for the limited time that will enable her to regain her former position of self-support. * * * In determining the duration of alimony the court may properly consider such circumstances as the brevity of the period of cohabitation, the fact that the parties had no children, that the wife had worked before her marriage, and that this was her third marriage." 24 Am Jur2d, supra at 761.

Our statutes contemplate the possibility of support for either a limited or indefinite period. ORS 107.105 (1)(c) provides that a dissolution decree can require "the support of a party * * * for such period of time as may be just and equitable for the other party to contribute." ORS 107.036 (3) states:

> "* * * [I]n fixing the amount and duration of the contribution one party is to make to the support of the other, the court shall not consider the fault, if any, of either of the parties in causing grounds for the * * * dissolution of the marriage * * *."

Statutory standards to be applied in arriving at both

amount and duration of support are set forth in ORS 107.105 (1)(c):

"(c) * * * In making * * * [a] support order, the court shall consider the following matters:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them; and

"(H) Such other matters as the court shall deem relevant."

Our decisions illustrate application of these statutory standards.

## CASES LIMITING THE DURATION OF SUPPORT

In *Scheer and Scheer,* 13 Or App 551, 513 P2d 174 (1973), the trial court awarded permanent support. We reduced the period of support to one year. Both parties were employed. The last full year of marriage the husband earned about $7,500 and the wife about $6,000. We concluded that one year of support was appropriate because the wife had to leave her teaching job for a year to complete certain educational requirements. After she completed those requirements, however, the parties' incomes and resources would be too similar to justify either paying for the support of the other.

In *Garrett v. Garrett,* 13 Or App 384, 510 P2d 591 (1973), the trial court awarded permanent support. We modified the decree to limit support to two years. The wife was in her mid-30's and had been married about 13 years. Although there was evidence of psychiatric difficulties, we concluded that her condition would probably improve as a result of freedom from the responsibilities of marriage. The wife had worked during the marriage and was employable at the time of the dissolution hearing.

In *Lathrop v. Lathrop,* 13 Or App 231, 509 P2d 34 (1973), the trial court had awarded permanent support. We modified the decree to limit support to two years. Both parties were 46 years old. They had been married 27 years. Both parties worked during most of the marriage. The wife's income was about $4,540 per year net. The husband's income from self-employment fluctuated, most recently being about $8,500 per year net.

In *Wright and Wright,* 13 Or App 101, 508 P2d 829 (1973), the trial court had awarded support until the wife's remarriage, in addition to granting the wife custody of three young children. We modified the decree to terminate support upon the wife's remarriage or when the youngest child reached seven years of age, whichever occurred first. We noted the parties' ages (30 and 29), and the husband's income (about $13,300), and concluded the wife could reasonably be expected to develop job skills and seek employment once all the children were attending school.

In *Stianson v. Stianson,* 12 Or App 274, 506 P2d 518 (1973), we affirmed an award of support to the wife for an 18-month period. We noted that she

was 38 years of age, was employable in a clerical capacity based on training and experience, that custody of two children had been awarded to the husband, and that the husband's take-home pay was only about $450 per month.

In *Bullock v. Bullock,* 10 Or App 578, 500 P2d 490, Sup Ct *review denied* (1972), the trial court had awarded support for ten years. We modified the decree to provide for support payments for only two years. Although the marriage was of long duration—over 30 years—the wife was working as a secretary earning about $700 per month gross. The wife's employment combined with her share of the division of the parties' property might have warranted a decision not to award support. However, we concluded that support for two years was appropriate in view of the wife's physical and psychiatric problems of limited severity.

In *Craigmile v. Craigmile,* 7 Or App 313, 490 P2d 1047 (1971), the trial court had awarded support until the wife remarried. We modified the decree to limit support to a two-year period. We noted that both parties were employed, the husband earning about $745 per month, the wife earning about $170 per month; that the property division included awarding the family home and car to the wife, the husband obligated to continue payments thereon. The marriage had lasted about ten years.

In *Bohanan v. Bohanan,* 6 Or App 141, 487 P2d 113 (1971), the trial court awarded permanent support. We modified the decree to limit support payments to a one-year period. The parties had been married about ten years and were both in their 40's. The wife had been employed as a secretary before and

during part of the marriage. We concluded that support for one year would be "sufficient to allow her to regain her stenographic skills before again seeking employment." 6 Or App at 144.

## CASES EXTENDING THE DURATION OF SUPPORT OR PROVIDING SUPPORT FOR AN INDEFINITE PERIOD

In *Jacobson and Jacobson,* 13 Or App 152, 509 P2d 450 (1973), the trial court had awarded support for three years. We modified the decree to extend support until the wife attained the age of 62—when she would be eligible for social security benefits—or remarried. The marriage had lasted 27 years; the wife was 51, the husband 48 years old. "The husband's income was slightly over $20,000—a figure three to six times that which his wife might reasonably anticipate from any future regular employment * * *." 13 Or App at 155.

In *Morgan v. Morgan,* 13 Or App 14, 507 P2d 409, Sup Ct review denied (1973), the trial court had awarded support for one year. We modified the decree to make the support provision permanent until death or remarriage. We relied upon the length of the marriage (27 years), the wife's age (54 years), the substantial assets of the parties ($275,000), and the discrepancy between the husband's income (almost $40,000) and the wife's uncertain prospects for employment.

In *Tann and Tann,* 12 Or App 441, 507 P2d 404 (1973), the trial court had awarded support for five years. We modified the decree to provide that the support payments should continue for ten years. We noted that the marriage was of long duration—

over 30 years—that although both the husband and wife were employed, the husband's income was almost three times as great as the wife's, that the husband could expect substantial retirement benefits, but the wife could expect only minimum social security retirement benefits.

In *Elliker v. Elliker*, 1 Or App 18, 457 P2d 668 (1969), the husband argued the trial court's award of permanent support should be modified to provide for support for a limited period. We affirmed the trial court. We noted that the parties had been married about 30 years, and were in their 50's. We concluded that because of health problems and lack of significant job experience the wife was not regularly employable.

## CONCLUSION

█ While each case must be decided on its own facts and no formula can be stated, certain principles emerge from an examination of the above cases. The most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. The wife's employability includes consideration of her education, training, experience, age, health, capacity, whether she has custody of small children, etc. Length of the marriage is germane because the longer the marriage, the more likely it is that the wife has foregone employment experiences, the absence of which will make it more difficult for her to achieve employment and self-sufficiency. If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for

example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate.

■ Applying the above standards to the facts of the case at bar, we conclude that this is a case in which permanent support should be allowed. The parties had been married for 28 years at the time the decree was entered. The wife was 47 years old and the husband was 46 years old at the time the decree was entered. The parties had four children, three of whom are emancipated. The fourth, a daughter aged 12, is in the custody of the wife. In 1972 the husband's taxable income was about $21,500. Both the husband and wife have recently experienced health problems, although the evidence does not establish that they are especially serious in nature.

The wife has a high school education. She worked at various jobs just prior to and during the early part of the marriage. She has not worked since then, although she now plans to seek employment.

The trial court's decree awarded the parties' residence, furniture, automobile and a small savings account to the wife. The residence was valued at between $37,000 and $39,000, and encumbered by a mortgage of about $12,500. The decree awarded beach property and miscellaneous personal property to the husband. The beach property consists of a three-quarters vendee's interest in real property assessed

as worth $18,300 in 1972, subject to an encumbrance of about $4,900. The decree requires the husband to pay child support of $200 per month. The support provision here in question requires the husband to pay $400 per month for one year, $300 per month for the second year, and $200 per month for the third year.

Throughout 28 years of marriage the wife devoted herself to rearing the parties' children and maintaining the parties' home. She is now in her late 40's and has neither job, training nor skills. She plans to seek employment, but we are convinced that her earning capacity will be slight, especially compared to the standard of living she enjoyed during marriage with the husband earning an average of over $20,000 per year. Under these circumstances, elimination of support after three years is unwarranted.

The requirement of the decree that the husband pay $400 per month as support for one year is affirmed. The balance of the support provision of the decree is modified as follows: support payments shall be $325 per month during the second year, and $250 per month thereafter until the wife's death or remarriage.

Affirmed as modified.