Argued October 23, affirmed as modified November 18, 1974

In the Matter of the Dissolution of the Marriage of
HALFORD, *Respondent, and*
HALFORD (No. 393-316), *Appellant.*
528 P2d 119

*L. M. Giovanini,* Beaverton, argued the cause and filed the brief for appellant.

*Donald W. Andrews,* Portland, argued the cause for respondent. With him on the brief were Rader, Kitson & Andrews, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

The husband, age 50, filed suit for dissolution of the marriage. The wife, age 48, cross-petitioned for separation from bed and board. The trial court decreed dissolution of the marriage, made a division of the property interests, awarded custody of the two

children, Joyce, age 20, and Jesse, Jr., age 14, to the wife; together with certain specified child support and support money to the wife in the amount of $750 per month until March 1, 1975, $500 per month thereafter until March 1, 1976, and thereafter in the sum of $250 per month until her death or remarriage. The court also awarded $1,500 attorney fee to the wife. She appeals raising four issues.

■■ She challenges first the order of dissolution, rather than the granting of her claim for separation from bed and board. She bases this contention on the ground the marriage failed solely because of his misconduct. In *Dunn and Dunn,* 13 Or App 497, 511 P2d 427 (1973), we discussed at length the legislative purpose in the adoption of the so-called no fault divorce law (ORS 107.025) and said:

> "Thus we conclude, once the existence of a difference or differences claimed by the petitioner to be irreconcilable has been established, that the test our statute contemplates is: (1) whether or not such difference is one that reasonably appears to the court to be in the mind of the petitioner an irreconcilable one, and (2) based upon that difference, either alone or in conjunction with other differences established by the evidence, whether or not the court concludes that the breakdown of that particular marriage is irremediable. Furthermore, a difference to be irreconcilable within ORS 107.025 need not necessarily be so viewed by both parties, though it may be. It may under certain circumstances be unilaterally so viewed as well." 13 Or App at 501-502. (Footnote omitted.)

Here appellant concedes respondent was living with and had fathered a child by another woman. We think under such circumstances the trial court might well conclude, as it did, that "irreconcilable differences" existed which had caused an "irremediable breakdown"

of the marriage. Appellant contends we should apply the "clean hands" doctrine as a bar to respondent's petition.

ORS 107.055 provides:

> "The respondent shall not be required to answer a petition for annulment or dissolution of a marriage or for separation except by filing a general appearance or a general appearance with counterclaims relating to matters other than the grounds for annulment, dissolution or separation. Affirmative defenses are abolished."

Manifestly the legislative intent there expressed was to the contrary. *Dunn and Dunn,* supra. There is no merit to this contention.

Appellant does not contest the provisions of the decree relating to division of property, nor those relating to support for the children. Accordingly we do not consider them, as there is no cross-appeal.

■ She does, however, seek an increase in the award for her own support. This case was decided prior to our decision in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974). In that case we discussed at length our prior decisions relating to support of a wife upon dissolution of marriage and the considerations which should guide a determination thereof. We see no need to repeat them here.

The parties were married nearly 33 years. The wife, though able-bodied, had no work experience since about 1950, and no specialized training for gainful employment. The husband had substantial income from his management position in and part ownership of a retail motor car dealership, receiving $2,200 a month, plus a bonus in the years when the company's earnings

warranted it. The support award for the older child terminates in December 1974. We conclude that the support provision for the wife after March 1, 1976, should be increased to $400 per month thereafter.

■ Appellant next challenges the award of attorney fees of $1,500 as insufficient. Examination of the record satisfies us that the trial court award was correct.

■ Finally, appellant attacks the following provision of the decree:

"18. * * * The Court hereby reserves jurisdiction to reconsider the disposition of this cause in the event the Respondent refuses to file a joint tax return with Petitioner for the 1973 tax year."

From the transcript it appears that the court assumed for the mutual benefit of both parties that the wife would join the husband in the filing and execution of a joint 1973 income tax return, since apparently virtually all of the 1973 income was taxable to him. The decree was signed April 11, 1974, nunc pro tunc February 21, 1974. The parties thus were husband and wife on December 31, 1973, and could therefore file a joint return. However, no agreement or representation by the wife to do so was entered into. Indeed her counsel indicated serious question whether or not she would do so. Nothing in the record or the briefs indicates whether or not she did so.

We are unable from this record to determine what, if any, change in the property settlement provisions either the trial court or this one might contemplate if she did or did not join with her husband in the filing of the joint tax returns.

ORS 107.115 (3) (b) provides in part:

"* * * Before making final disposition, the

Court of Appeals or Supreme Court may refer the proceeding back to the trial court for such additional findings of fact as are required."

Accordingly, we find it necessary to remand this matter to the trial court to require it to determine whether in fact a joint tax return was filed, and, if not, such findings of fact as are necessary to enable this court to determine the extent, if any, of the changed burden imposed thereby upon both parties.

Affirmed as modified and remanded for further proceedings in accordance with this opinion.