Argued July 22, affirmed as modified August 11, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
ADAMS, *Respondent, and* ADAMS (No. 402-606),
*Appellant.*
538 P2d 954

*Francis E. Harrington,* Portland, argued the cause
and filed the brief for appellant.

No appearance by respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Wife appeals from a marriage-dissolution decree, complaining that more support should have been ordered for her and about the disposition between her and husband of two adjacent parcels of real property they own, one of which constitutes the home she and their two children, ages 13 and 11, occupy. The marriage was of 11 years' duration—the oldest child was by her former marriage and had been adopted by husband. Husband is an electrician, receiving gross pay between $15,000 and $17,000 a year, but with take-home pay near $800 per month. Wife has not worked in recent years, but is taking an accounting course that projects to completion in December 1977.

The trial court decree provides for $125 per month support from husband for each child; $100 per month for wife until December 1977, none afterward, and in any event to terminate if she quits school. There is no need here to list other provisions of the decree except with reference to the real property.

The adjacent parcels of property probably would be most valuable if they could be joined for multiple-family housing construction. However, this would require a zone change and agreement between husband and wife—something that rarely occurs. Further, one parcel constitutes the family home occupied by wife and children. There was evidence that it has an assessed value (the parties apparently believe this to be a very minimum real value figure) of $13,500, and it has a $6,000 balance left on a mortgage. The other has an uninhabitable shack on it, its assessed value

is $6,000, and it has a $3,000 mortgage. The decree made the parties joint tenants of all the real property, the wife to be the manager, and required both to agree on any disposition of it. The wife is given possession until the youngest child becomes 18 years of age, and the parties are to pay equally on the mortgages, taxes and maintenance. Usual provisions for termination of the tenancy are included in event of death, remarriage or "voluntary abandonment" of the property.

Wife in this appeal argues that the court did not give proper consideration to the parties' work experience and earning capacities, or their financial conditions, resources and property rights—the requirements of ORS 107.105(1)(c) (D) and (E).

Without delineating again the flexible rules laid down in the cited statute and cases like *Kitson and Kitson*, 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), in this de novo review we see a need for modification of the decree. These parties have already demonstrated a wilfulness that indicates they will not cooperate with one another. For example, although in a preliminary order she was specifically forbidden using certain tax refund checks, she signed husband's name to $1,100 worth of such checks and used the money to improve the house. Husband failed to pay temporary support ordered by the court with the result that wife had a welfare grant for her and the children's partial support.

■ Wife will have to work to supplement her income. Whether she continues school to improve her earning capacity or finds a job in the interval, it will take some time for her to establish herself. The $100 per month support until December 31, 1977 is therefore realistic, but it should not be conditioned on her continuing with school.

■ Instead of making the part of the decree dispos-

ing of real property one that forces the parties to agree on details which they have demonstrated they will not agree upon, the property and they should be separated. By doing this, they may not realize the maximum potential from their properties, but they also may be prevented from wilfully destroying what they have.

Therefore, our ruling is that the wife shall have the property which is the home, subject to debts against it but free from any claim of husband. Husband shall have the other adjacent lot, subject to debts against it but free of any claim by wife.

Except as thus modified, including the modification as to the $100 per month support for wife, the decree is affirmed.