Argued July 22, affirmed as modified August 11, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
HAYMAN, *Respondent, and* HAYMAN
(No. 403-756), *Appellant.*
538 P2d 952

*Gerald R. Pullen,* Portland, argued the cause and filed the brief for appellant.

*Ann Morgenstern,* Portland, argued the cause for respondent. With her on the brief were Reiter, Wall, Bricker & Zakovics, P.C., Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Wife appeals from a dissolution-of-marriage decree, asserting she should have been awarded permanent instead of temporary support, and at least a life estate in the family home. The decree provides that husband shall pay her $250 per month support for two years, then, on motion of either party, the question of further support and if so how much may be reviewed. Death or remarriage of wife would terminate support.

We are not sure whether it was intended by the trial court that the support would continue in the event neither party moves at the end of two years. However, the bitterness with which the parties contested everything involving property or money, plus

the indefiniteness of this provision, would seem to assure a resumption of litigated hostilities at the end of two years.

The marriage was in 1940; two daughters thereof are grown and they, with their husbands, appear to have willingly partaken of the recriminations between their parents. The only substantial asset is the home. It has an assessed true cash value of $19,250. The decree provides that husband shall have a $10,000 judgment lien against the home, without interest, collectible through sale of this asset at the end of 1979. Otherwise, its possession and ownership is in wife, who is obligated to pay all charges against the home until 1980. Husband was 56 years old and wife 55 at time of decree; hence, she would appear not eligible for social security payments until 1982. She last worked at a regular job about eight years ago, earning around $220 per month.

The mortgage on the home, which was apparently substantial, was paid off several years ago out of the proceeds of a net $15,000 settlement for damages to husband from a leg injury which still bothers him. He does office work for an auto sales agency for which he was getting $555 per month take-home pay. From his gross pay $94 per month was being paid by employer into a pension fund from which husband will be eligible for a pension at age 65. He now receives a veterans' pension of $32 a month. We see no need to detail here the disposal of other property in the decree.

■ Each case of this nature must be decided on its own peculiar facts, but under the guidelines set forth in ORS 107.105, further delineated in cases like *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974).

■ We agree with the trial court that husband should

not be barred from participating in the enjoyment of the proceeds from the home—it was largely his earnings and damages collected for his injury that supplied it. The relatively equal division of this asset after a five-year exclusive use of it by wife while she orients herself to a new life is fair.

■ We hold it improper to invite this family back into court in two years to contend over support payments to wife. Wife cannot be expected to earn very much, but she should seek a source of income beyond support payments. We find nothing in the record to make us believe she is physically unable to do any remunerative work. We conclude as a result of our de novo review that the support payments should be $250 per month for two years from date of the original decree, and $125 per month thereafter, all subject to the change-of-circumstances rule.

Affirmed as modified. Costs to neither party.