Argued July 25, affirmed as modified September 22, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
WOLD, *Appellant-Cross-Respondent, and* WOLD
(No. 30462), *Respondent-Cross-Appellant.*

540 P2d 382

*Robert B. McConville,* Salem, argued the cause and filed the briefs for appellant-cross-respondent.

*M. Chapin Milbank,* Salem, argued the cause and filed the brief for respondent-cross-appellant.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

Appellant-wife appeals from those provisions of a dissolution of marriage decree granting her only temporary support and dividing the parties' property. Respondent-husband cross-appeals from that portion

of the decree awarding the family home and custody of the children to the wife.

■ In evaluating the wife's assignment that the support awarded her by the trial court was insufficient in both duration and amount, we consider the statutory standards for making this determination. ORS 107.-105(1)(c). We find it unnecessary to list them here and only wish to emphasize that a significant factor is whether the wife is employable at a wage not overly disproportionate to the standard of living to which she became accustomed during marriage. *Kitson and Kitson*, 17 Or App 648, 655-56, 523 P.2d 575, Sup Ct *review.denied* (1974).

■ The wife argues that permanent support is appropriate here, maintaining that she will never be able to support herself at the standard of living to which she became accustomed during 18 years of marriage. She argues that the husband, a dentist, is able to support her at such a level and should be required to do so. We cannot agree. Unlike the wife in *Kitson,* this wife has a job skill and can support herself. She is a trained medical technician, capable of earning $800 per month. She is 38 years old, in good health and capable of working full time. The nine-year support program ordered by the trial court provides her with additional income while the children are young and she is unable to work full time. Once the children have left the home, she will be able to earn sufficient income to maintain herself at a comfortable level. We conclude that the award granted by the trial court is adequate.[1]

■ As to the adequacy of the support during the nine-year program when the wife will be working only

---

[1] Since the husband's cross-appeal did not assign error to the nine-year duration of the marital support payments, we do not consider whether such a period is longer than necessary.

part time, we agree with the trial court that the award of $200 per month for three years, $150 per month for the next three years and $100 per month for three additional years, for a total of nine years, is proper. The wife expects to earn $500 per month from her part-time work. Assuming she does so, those earnings, the $1,000 monthly child support the husband is required to pay, and the support awarded her by the trial court, will give her a total income in excess of $1,500 a month. She will have the family home in which to live, and sufficient income to enable her to maintain her household at a comfortable level. We affirm the support provisions of the trial court's decree.

The wife next argues that the property division ordered by the trial court was inequitable. She received her personal belongings, the family home subject to its mortgage, all the furniture and furnishings in the home, land inherited from her relatives, approximately $1,500 in cash, two automobiles and a judgment against the husband for $20,500 payable in instalments. The trial court awarded the husband his personal belongings, $10,690 in cash, furniture from a vacation trailer, an automobile and his four business ventures.

■ The evidence is in conflict as to the amount of equity in the family home, the value of its furnishings and the amount of the husband's equity in his Benton Village partnership. After considering all the evidence, we have concluded that the equity in the family home is $31,000, its contents are worth $6,000 and the husband's partnership equity is approximately $72,-000.[2] Using these figures, the value of the property

---

[2] The husband put on evidence that the family home was worth $63,000, whereas the wife contended it was worth only $47,000. Since the latter figure, which is the 1971 tax value, is over four years old, we conclude that the husband's estimate is

awarded the wife is approximately $77,000 and of that awarded the husband approximately $162,000. Even taking into account the inherent risk in the husband's business ventures and the speculative value of them, such a division is not equitable. We therefore modify the property division of the trial court by increasing the judgment awarded the wife from $20,500 to $45,000, and without interest, to be paid as follows: $5,000 immediately and $5,000 a year for eight years, commencing July 1, 1976. Although the husband still receives a greater share of the property, we feel this can be justified because of the risk inherent in his investments, his large support obligation and the fact that being self-employed he must provide for his own retirement.

■ Regarding the husband's cross-appeal, he argues that the trial court awarded the wife custody of the five youngest children solely because she is their mother, thus violating ORS 107.105(1)(a). This cannot be sustained. The husband points to nothing in the record, nor do we find anything there, to support this contention. After considering the wife's plan for caring for the children as well as the rest of the record, we conclude that awarding custody to her was in their best interests.

---

more realistic and adopt it. After deducting the mortgage of $32,000, the equity is $31,000.

The husband argues that the home furnishings are worth $16,000. Since this was their cost over five years ago, we conclude that the wife's valuation of $6,000 is more reasonable and adopt it.

As to the value of the equity in the Benton Village partnership, the wife introduced evidence that the assets were recently appraised for tax purposes at $759,330. However, the husband has appealed this valuation, contending a value of only $512,000, subject to a mortgage of $478,000. We hold that a more accurate figure is that at which the husband listed this equity on a financial statement completed before the proceedings began, $71,639, and accept it.

■ Having awarded custody of the five youngest children to the wife, and since she will need a home in which to raise them, we hold that the award of the family home to her was proper.

Affirmed as modified. No costs to either party.