Argued April 27, affirmed as modified June 14, reconsideration denied July 21, petition for review denied September 14, 1976

In the Matter of the Dissolution of the Marriage of
WHITLEY, *Appellant,*
*and*
WHITLEY, *Respondent.*
(No. 29714, CA 5255)
550 P2d 760

*Thomas W. McPherson,* Corvallis, argued the cause and filed the brief for appellant.

*Richard T. Kropp,* Albany, argued the cause for respondent. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

Appellant wife appeals from the financial provisions of a dissolution of marriage decree.

The parties were married in 1947. Four children were born to their union, all of whom are now emancipated. The wife was 49 and the husband 51 years of age at the time of the dissolution. The wife suffers from degenerative arthritis of the back which prevents her from doing any heavy work or from being on her feet for long periods, but which is not so severe as to render her incapable of light work. The husband is in good health.

The trial court awarded the wife a 1970 automobile, 75 per cent of the equity in the family home valued at $30,000 but subject to a mortgage of $13,000, and the household furnishings, consisting of furniture and appliances. In addition she received an award of support of $200 per month for two years.

The husband was awarded 25 per cent of the equity in the family home, his small logging business valued at about $6,300, a car and truck with a total value of $1,200, and a travel trailer valued at $2,000. In addition, husband was required to assume debts of about $6,200.

The wife contends that she should receive the home subject to the mortgage and permanent support. In support of this contention the wife argues that she has only an eighth grade education; that beyond her tasks as wife, mother and homemaker, she has done little work outside the home during the 28 years of marriage; that she is trained to do no jobs other than those of a waitress and a bartender; and that her back condition makes it impossible for her to do either of these jobs. She believes that she is also capable of babysitting and plans to contract with Children's Services Division to do so.

It is clear that the wife, without permanent sup-

port, will not be able to approach the living standard she enjoyed during 28 years of marriage. *See, Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974). Realistically, the wife, on account of her health, lack of education and job experience is qualified for few jobs. She likely will be limited to babysitting as she argues. The meager income she can expect to earn from babysitting will be substantially less than the $16,000 per year that husband earns. Additionally, while the husband will be eligible to receive a railroad pension upon retirement, the wife has no such pension.

In light of the above, we think it appropriate that the decree be modified to give the wife $200 monthly support for the remainder of her life or until she remarries.

Affirmed as modified. Costs to appellant.