In the Matter of the Dissolution of the Marriage of
RASSI, *Respondent,*
*and*
RASSI, *Appellant.*
(No. 418-037, CA 5806)

552 P2d 570

*Maxwell Donnelly,* Portland, argued the cause for appellant. With him on the brief was Thomas R. Mahoney, Portland.

*Dwayne R. Murray,* Portland, argued the cause for respondent. With him on the brief were Bailey, Doblie & Bruun, Portland.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

Husband appeals from a dissolution-of-marriage decree, challenging the monthly support requirements against him therein. The marriage is of 30 years' duration; five children were born of it and are now grown. The wife did not work out of the home. The property acquired was roughly valued at $100,000 and it was fairly evenly divided between them by the decree.

The acquisition of the property was made largely possible by a substantial pension husband receives for World War II wounds. The family's living came from husband's full-time work as an electrician, privately at first and then as a civil servant for the government. He is now retired. A stipulated exhibit shows his monthly pension income: electricians' union, $44; veterans', $695; civil service, $514.

The court decreed that husband must pay $500 per month for wife's support, observing that "she is not in the best of health * * * she seems to be emotionally distraught * * *." We find little or no evidence to support this conclusion. In answer to a question (by the court) about the state of her health, wife simply testified it is "[f]airly good. I have gained some weight." She is 48 years old, was taking school courses to gain work skills, and was doing volunteer hospital work. The record leaves a strong basis for our inference that wife should be responsible for more than was decreed toward her own support. *See* analysis in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974). On this de novo review we modify the decree by reducing the monthly support payments to $300 per month.

Affirmed as modified. Costs to neither party.