Argued October 26, affirmed as modified December 6, 1976

In the Matter of the Marriage of
WARGO, *Appellant,*
*and*
WARGO, *Respondent.*
(No. 22,179, CA 5917)
556 P2d 1388

*Allan H. Coon,* St. Helens, argued the cause for appellant. With him on the brief was Vagt, Olsen & Coon, St. Helens.

*Jay W. Whipple,* St. Helens, argued the cause for respondent. With him on the brief was Williamson & Whipple, St. Helens.

[ 619 ]

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

.

.

**TANZER, J.**

The wife appeals from a marriage dissolution decree contending that the trial court erred in its division of the parties' property, in fixing the amount and duration of spousal support, and in fixing the amount of attorney fees awarded the wife.

Upon dissolution of the 30-year marriage, the husband and wife were 52 and 51 years old respectively. Both parties were in good health.

The husband is a longstanding union employe of a lumber cooperative in which he owns one working share. His earnings are comprised of wages and unscheduled dividends paid on that working share. In recent years, his average annual adjusted gross income has been in excess of $25,000. The wife, on the other hand, is presently unemployed with no immediate job prospects. Throughout most of the marriage she was employed in unskilled, low-paying jobs. Her effort, toward the end of the marriage, to begin a retail business was financially unsuccessful.

The decree provided for a nearly equal division of the parties' property. The husband was awarded the stock in the lumber cooperative and real property in Columbia County. The wife's portion included some real and personal property, but the largest part of her share consisted of a $20,000 award, payable by the husband in $200 monthly installments, with the unpaid balance earning interest at the rate of seven percent per annum.

The trial court also ordered the husband to pay spousal support to the wife in the amount of $250 per month for a period of five years, regardless of the wife's marital status. Thereafter the husband was to make support payments of $150 per month for five additional years, or until the wife died or remarried.

In determining whether an award of spousal support should be permanent or for a limited duration, the court should primarily consider whether the recipient

[ 621 ]

spouse is employable at an income not overly disproportionate from the standard of living enjoyed during the marriage. If not, then permanent support is generally appropriate. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). In this case, the wife has no marketable skills. Her only work experience has been in menial, low-paying jobs. If she is successful in finding work, it is doubtful that her income would be sufficient to maintain the standard of living enjoyed during her 30-year marriage. Under these circumstances, permanent support is appropriate. Accordingly, the decree is modified to require that the husband make spousal support payments of $200 per month until the wife's death or remarriage. Of course, either party may seek to modify this provision if their position is altered by retirement or other change in circumstances.

Having reviewed the record, we find the decree of the trial court fair and reasonable in all other respects.

Affirmed as modified.