BUTTLER, J.
Husband appeals from a decree dissolving his 24-year marriage to wife, assigning as error the division of property, the award of spousal support of $400 per month for 24 months and $200 per month for an additional 84 months, and the award of $250 per month for child support.
The trial court attempted to divide the property substantially equally between the parties, the parties having stipulated to the values of most of the property. Husband does not contest the equal division concept, but contends, primarily, that the trial court erred in finding that his equity in 80 acres of undeveloped land in Idaho was $7,380. Husband had contracted to pay $40,000 for the land, under which the principal balance owing was $34,200 at the time of trial. The difference of $5,800 is what husband has paid on principal, which, together with amounts spent for surveying and fencing, comes to $7,380.
Husband represented the property to be worth $80,000 in a financial statement submitted to a bank in connection with his application for a loan, but testified at the trial it was worth $28,000. If the record is inaccurate or inadequate as to the value of husband’s equity, he may not be heard to complain thereof on his appeal. The record supports a value of $7,380 for husband’s equity; if anything, it appears to be on the low side. While there is evidence that the contract was in default, no proceedings had been commenced to foreclose or otherwise effect collection.
Husband also contends that since there is no evidence of the value of the guns and sporting goods equipment awarded to him, the trial court erred in attributing a value of $400 to those items. While it is true that no evidence was formally introduced with respect to the value of those items, wife put a $400 value on them in her proposed distribution of property. There is no dispute that the parties owned such property or that husband received the property as part *[352] of the award. It is reasonable to presume that it had some value, and if husband, who is in a better position to know that value, failed to make a record thereof, he may not now complain. In any event, the overall property division was equitable. McCoy and McCoy, 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977).
 In awarding the spousal and child support, we conclude that the trial court properly applied the criteria set forth in ORS 107.105(l)(c) as amplified by this court in Kitson v. Kitson, 17 Or App 648, 523 P2d 575, Sup Ct review denied (1974). Wife is 42 and complains of some health problems. She has custody of the youngest child of the marriage, age 9 at the time of trial, and has not worked for about ten years. She has a tenth grade education, has no special job skills, and her work experience has been limited to low-paying jobs when she did work. Husband on the other hand has done well at his occupation, having progressed from a "grease monkey” to general manager of an automobile dealership; he was earning $2,000 per month gross at the time of the trial. Husband contends, however, that his expenses are such that he cannot afford the support awarded. The difficulty with his position is that his expenses have increased substantially since the commencement of these proceedings because he built a $55,000 home, thereby incurring debts aggregating $50,000 with debt service of about $350 per month plus real property taxes. He may not improve his standard of living pending the litigation by lowering that of the wife; he who seeks equity must do equity.
The record indicates that wife may have some difficulty supporting herself within the immediate future, either because of her health or her lack of special job skills, or both. For this reason the enhanced payments for 24 months are appropriate.
Affirmed. Costs to respondent.