JOSEPH, J.
Wife appeals from a decree of dissolution. She challenges the division of property and seeks an increased amount of spousal support.
The parties, both in their early 40s, were married 21 years and have two children. The older was a 21-year-old college senior at the time of trial; the younger was a 17-year-old high school senior, custody of whom was awarded to wife. Husband has been employed by the telephone company for 20 years and currently earns $21,960 per year in a management position. Wife is a high school graduate with some additional education, including secretarial school and six months at the University of Rochester. She is currently enrolled in a law enforcement program at a community college, attending classes one morning and one evening a week. It is not clear when she will complete that program. Wife worked as a waitress periodically throughout the marriage and is now employed part-time (20-25 hours per week) making $325-$355 per month. Wife claimed to be in need of dental work, but otherwise she and husband are in good health.
The parties’ assets were: furniture and other household furnishings; a 1977 pickup truck; two 1974 automobiles, one driven exclusively by the younger child;[1] a driftboat and trailer;[2] stock in two corporations; time certificates, a savings account and a trust account totaling approximately $33,000; and a "savings plan” with husband’s employer valued at about *[814] $10,200.[3] In addition, each of the parties had a one-quarter interest in a partnership dealing in real property, the values of which were presumably equal.
The trial court awarded wife the 1974 automobile, one-half of the stock, and the bulk of the household furnishings. Husband was awarded the 1977 truck— on which he had traded a 1966 truck belonging to the parties, but on which he still owed $7,000 — some furniture and one-half of the stock. Husband and wife retained their separate interests in the real estate partnership. The trial court awarded the entire "savings plan,” as such, to husband. After subtracting various obligations of the parties totaling about $5,000 from the $33,000 in time certificates and the two accounts, the court awarded wife one-half of the remainder plus $5,500 payable out of husband’s half "in lieu of Bell Savings System and alimony.”[4] Husband was ordered to pay $900 as a lump sum child support payment,[5] and also approximately $215 per month rent on the house in which wife and the younger child were living "through the remainder of 1977 (or an additional nine (9) months.)”
*[815] Wife argues that she should have been awarded spousal support in an amount greater than $100 per month and for a period longer than two years,[6] and that she should have been awarded a full one-half interest in the "savings plan” or the equivalent out of husband’s share of the time certificates and savings and trust accounts. The other provisions of the property division are not in dispute.
In Kitson and Kitson, 17 Or App 648, 523 P2d 575, Sup Ct review denied (1974), we set forth the factors to be considered in determining whether and how much spousal support should be awarded in cases such as this and noted that
"* * * [t]he most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. * * *” 17 Or App at 655.
Wife is currently employed part-time. She testified that she had neither sought to work more hours nor sought to obtain a higher paying job. The trial judge commented that "neither party is willing to work to their full capacity,” but there is no indication in the evidence that wife’s training and experience would now qualify her for a higher paying job. Even if she were working full-time at her current hourly rate, her income would still be substantially disproportionate to the economic benefits she enjoyed while married. No evidence was presented concerning wife’s probable job prospects following her completion of the law enforcement program.
On all the evidence, we believe that the amount awarded wife was not appropriate. Neither the monthly amounts nor the time they would cover was adequate to permit her a sufficient chance to reestablish herself without a substantial interim reduction of *[816] income which would force upon her a standard of living disproportionate to that her husband would be able to maintain. Her request at trial was for $150 per month for ten years. While that request may have been based on an expectation of receiving more of the assets than she actually got, that expectation was not very much greater than the actual amount she received. She specifically disavowed any desire for permanent support.
In light of the factors set forth in ORS 107.105(1) and applied in Kitson, we find that wife is entitled to spousal support in the amount of $315 per month for the first nine months from the date of the original decree, including the $215 per month "rent,” and $150 per month for the next nine years and three months.
The award of $5,500 lump sum judgment to wife must be modified. The trial court intended it to include 24 months of spousal support and an ill-defined portion of the $10,200 value he found for the husband’s employer’s savings plan. We accept that value, and we hold that wife is entitled to $5,100 of that amount, which is to be paid in a lump sum from the liquid assets awarded husband. The other elements of the property division will not be changed, except as mentioned in footnote 2, supra.
Affirmed as modified. Costs to neither party.

This automobile was awarded to husband "in trust for the use and benefit of the minor child” until the child reaches 18 or until further order of the court. In the event of a sale, the proceeds are to be divided equally between husband and wife.

 This item is listed in the petition, but it received no mention at trial or in the decree. If it still exists when the decree on remand is entered, it should be awarded to husband; if it has been disposed of, the proceeds are husband’s.

Husband had been participating in this plan for several years. A designated percentage of his salary is deducted for the plan and "matched” by his employer at the rate of 50 cents on each dollar. The total amount is invested in AT&T stock. The actual value at which husband can liquidate his interest depends upon the market value of the stock. Husband’s testimony made it clear that in order to retain the "matching funds” contributed by Bell, he had to leave his contribution in the "savings plan” for three years. He also suggested, although the details were never made clear, that he could only liquidate a small portion of the total interest in the "savings plan” without incurring a penalty.

The trial court’s explanation of this award is somewhat less than clear:
"THE COURT: * * * From Mr. Columbus’s share would be deducted one-half of the $10,200.
"[ATTORNEY FOR WIFE]: $5100 then?
"THE COURT: Right, plus an additional $400 to [sic] which I compute to be the equivalent of $100 a month alimony for 24 months. ‡ *

 The court retained jurisdiction on the matter of further support for the younger child in case she qualified under ORS 107.108(4) after reaching age 18.

 As we read the decree, wife was awarded no spousal support, but rather received a property award "in lieu of*’ support. Where the trial court has entered such a decree, the issues of property division and spousal support are necessarily (and unfortunately) intertwined on appeal.