ROBERTS, J.
Husband appeals from a dissolution-of-marriage decree and contends that he should not be obligated to pay spousal support to wife.
Husband, age 49, and wife, age 45, were married in 1955. The parties were divorced in 1965 and were remarried two years later. One child, now age 17, was adopted by husband.
Wife has been employed by a hospital as a Licensed Practical Nurse since 1952 and now earns a gross monthly salary of $846. Wife testified that her duties have changed little since 1952 and that there is no opportunity for advancement in her position. Husband is employed as Corrections Officer with a gross monthly salary of $1,346.80. Wife is apparently in good health, but husband suffers epilepsy and occasionally has seizures. Husband also has some problem with his vision, which has caused him to miss work on occasion, although no medical testimony was introduced to show severity of the condition or that it could affect his employment.
The trial court ordered husband to pay child support of $135 monthly, and also ordered husband to pay spousal support of $100 monthly until wife either remarries or is deceased.
In Kitson and Kitson, 17 Or App 648, 523 P2d 575 rev den (1974), we held that a most significant factor which a court should consider in awarding spousal support is whether the party receiving spousal support is employable at an income not overly disproportionate from the standard of living that party enjoyed during the marriage. See also Grove and Grove, 280 Or 341, 571 P2d 477 (1977). Here, the parties by virtue of their combined income enjoyed a relatively high standard of living during the marriage. Since the pendente lite proceeding wife has had a disposable net income of *[1004] $657 monthly. From this, she must pay expenses which she estimated at an excess of $800 monthly.[1]
We realize that in many circumstances it is difficult, if not impossible, to divide marital assets and provide for spousal support in such a manner that both parties will be able to maintain the standard of living they maintained during the marriage. However, here, where there is a significant disparity in the income of the parties and where the wife’s opportunity for advancement in her employment is limited, we conclude that the trial court properly ordered husband to pay $100 monthly in spousal support.
Affirmed. No costs to either party.

The trial court noted that wife’s estimate of her monthly expenses was "extremely low.”