SCHWAB, C. J.,
dissenting.
I believe an award of spousal support in this case is contrary to the spirit and intent of statutory and all heretofore existing Oregon case law. In setting forth my reasons for these conclusions, I borrow in large part from the appellant’s brief which I find succinct and correct.
In order to determine whether spousal support is justified, it is necessary to examine two guidelines, one of which is statutory and the other of which has been provided by this court.
The first is ORS 107.105(l)(c). In part it says:
"* * * [T]he court shall consider the following matters:
"(A) The duration of the marriage;
"(B) The ages of the parties;
"(C) Their health and conditions;
"(D) Their work experience and earning capacities;
"(E) Their financial conditions, resources and property rights;
*[1005] "(F) The provisions of the decree relating to custody of the minor children of the parties;
"(G) The ages, health and dependency conditions of the children of the parties, or either of them; and
"(H) Such other matters as the court shall deem relevant.”
Applying these considerations to the facts here, we discover the following:
(A) The parties have been married for about 20 years;
(B) The wife is only 45 years of age and the husband 48;
(C) The party seeking support is in good health, while the husband has a chronic disabling eye condition and epilepsy, both conditions requiring regular treatment;
(D) The husband had been employed as a laborer until eight years ago when he became a corrections officer (jailer) with Multnomah County. Husband testified that he is unaware of any employment that he could do were he to lose his present position because of both his lack of work experience and his medical history;
The wife has worked continuously since three years before her marriage as a Licensed Practical Nurse for Multnomah County Hospital, a tenure of some 25 years. She earns approximately $846 per month while the husband earns approximately $1,346 per month;
(E) The principal assets of the parties were two houses, both of modest value, both subject to mortgages, and household furnishings. Each was awarded one of the houses, the wife receiving most of the household furnishings.
(F and G) The wife was awarded the custody of the adopted child who is presently 17 years of age. Support in the amount of $135 per month will be paid by the husband for the support of the child.
*[1006] The other guideline was established by us in the case of Kitson and Kitson, 17 Or App 648, 523 P2d 575, rev den (1974). Kitson sets out the guidelines for the trial court in granting or denying permanent support for a spouse. It states:
"* * * The most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. The wife’s employability includes consideration of her education, training, experience, age, health, capacity, whether she has custody of small children, etc. Length of the marriage is germane because the longer the marriage, the more likely it is that the wife has foregone employment experiences, the absence of which will make it more difficult for her to achieve employment and self-sufficiency * * 17 Or App at 655.
See also Grove and Grove, 280 Or 341, 571 P2d 477 (1977).
Considering these elements separately, spousal support should not have been awarded to the wife in the case at bar.
(1) Wife was employable at an income not overly disproportionate from the standard of living she enjoyed dining the marriage. The family was not wealthy. There is no evidence of any luxuries, expensive vacations, expensive vehicles or lavish entertaining. The wife indicated that the separation has added more expense to her economically, but there was no testimony this was anything other than the normal problem which arises when a family has been used to pooling two incomes.
The income of wife in the amount of $846 per month gross, along with $135 per month ordered by the court for child support, is certainly not "overly disproportionate” from the standard of living enjoyed by the parties dining their marital relationship.
*[1007] (2) The wife is in no way handicapped in her employability considering her education, training, experience, age, health, capacity and the status of the minor child of the parties.
The wife’s education consists of a high school degree and a post-high school degree as a Licensed Practical Nurse. She has been 25 years on the same job and is only 45 years of age. Her health is good and she does not have the custody of any small children.
(3) The length of the marriage is irrelevant in this matter. Although the parties have been married for 20 years, wife has not in any way given up any employment opportunities and has been steadily employed in the same career for the entire marriage.
A reading of our many opinions since Kitson fails to reveal a single incidence where temporary spousal support, let alone permanent spousal support, was granted in circumstances such as we have here.
For the foregoing reasons I respectfully dissent.