In the Matter of the Marriage of
BETKA,
*Respondent,*
*and*
BETKA,
*Appellant.*

(No. 77-12-304, CA 13098)

599 P2d 1167

David Schermer, Oregon City, argued the cause and filed the brief for appellant.

Douglas S. Robertson, Portland, waived appearance for respondent.

[485]

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Husband appeals from those portions of the dissolution decree which award to wife $50 per month permanent spousal support, the family home subject to a $14,000 lien in favor of husband, child support in the amount of $150 per month and attorney's fees. We affirm the award of child support and attorney's fees, but modify the decree with respect to the remaining two provisions.

We need not detail the facts. The parties were married approximately 30 years and had two children, one of whom is emancipated and the other of whom was 16 at the time of the decree, and whose custody was awarded to wife. Husband is, and has been since 1964, the sole proprietor of a decorating business which he has operated from the family home. While the family home is the only major asset of the parties, husband has built a shop for his tools and an office, both of which he uses in connection with his business. The equity in the home at the time of trial was approximately $28,000. Husband has earned from his business between $7500 and $10,000 per year. Wife has not worked outside the home until the last two years of the marriage when she commenced working for a school district, earning $9000 gross annually. Husband is 51 years old and has some health problems; wife is 54 and in good health.

In determining whether to award spousal support, or the amount thereof, we are guided by ORS 107.105(1)(c), as interpreted by this court in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974), and the Supreme Court in *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977). In *Kitson,* we said:

> "* * * The most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage * * *. If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during

[487]

marriage, then, generally speaking, if support is appropriate, it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then * * * permanent support is appropriate." 17 Or App at 655-56.

■ In this case, each of the parties earns approximately the same amount; wife has job security, whereas husband does not; particularly when the condition of his health is taken into account. We conclude that this case is one where spousal support is not justified, and the decree is modified by deleting it.

■ While it is common to award the family home to the spouse who has custody of the minor children, in this case the family home has a unique value to husband because it is his office and workshop out of which he has operated his small business for some time. Under these circumstances, we think it is more appropriate to permit husband to retain the home, and to give wife a judgment lien against it for one-half of the equity. The trial court determined the equity of the parties to be approximately $28,000 at the time of the original decree; the wife's judgment lien should be one-half of that, or $14,000.

Accordingly, we modify paragraph four of the decree to eliminate the provision for spousal support for wife, and modify paragraph six of the original decree by awarding the real property of the parties to husband, subject to a lien in the amount of $14,000 in favor of wife, with interest thereon from the date of the original decree until the full judgment lien is paid; husband shall be required to pay the lien within six months from the date the mandate is entered, and if it is not paid within that time, wife shall be entitled to levy execution on the judgment lien.

We note that in paragraphs 8, 9, and 10 of the decree the household furnishings and appliances are distributed between the parties, apparently taking into account the party to whom the home was awarded. These provisions will need some adjustment in light of our awarding the home to husband, and if the parties are unable to make the adjustments voluntarily, either one may apply to the trial court to make an equitable disposition of those items. The trial court is instructed, if such application is made, to make a substantially equal division of those items between the parties.

Affirmed as modified and remanded.