Argued and submitted February 20,
affirmed as modified March 24, 1980

In the Matter of the Marriage of
FEARN,
*Respondent,*
*and*
FEARN,
*Appellant.*

(No. D7805-07627, CA 14470)

608 P2d 620

Gary J. Lekas, Portland, argued the cause and filed the brief for appellant.

Joan O'Neill, Portland, argued the cause for respondent. With her on the brief was Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

In this dissolution-of-marriage case husband appeals, seeking a reduction in the amount of spousal support awarded wife and the deletion of a lump sum awarded as part of the property settlement. Husband also argues that the trial court erred in admitting into evidence the deposition testimony of wife's out-of-state doctor.[1] We affirm the decree in all respects except for the award of spousal support.

The parties were married for 22 years and have two adult children. At the time of the dissolution husband was 42 and wife 40. Husband, a certified public accountant, is president and manager of a company which factors freight bills. Wife has been employed almost all of the marriage years, primarily at clerical jobs in a bank and as a secretary, in spite of a series of serious illnesses, including a blood clot on the lung, a stroke, two open heart surgeries which involved the insertion of an artificial valve, and a cardiac arrest which necessitated the placement of a pacemaker. Wife's ailments were further compounded, after the parties separated, by mental problems which were diagnosed as severe depression. Because of the latter condition, she was unable to work and was cared for by relatives in Idaho prior to the dissolution. The court awarded spousal support of $700 per month until wife reaches the age of 62, at which time she will be eligible for social security benefits.

Wife's evidence verifying her physical and mental problems was presented in the form of deposition testimony from her personal physician. Husband contends *inter alia* that this evidence should not have been admitted because it was hearsay and husband was denied the right to cross-examine the witness. Husband is not correct.

---

[1] Husband also assigns as error what he contends to be an improper consideration by the court of fault on the part of husband. Because our review is *de novo* we do not consider that issue.

ORS 45.250(2)(b) provides:

"(2) At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party for any purpose, if the party was present or represented at the taking of the deposition or *had due notice* thereof, and if the court finds that:

"* * * * *

"(b) The witness's residence or present location is such that he is not obliged to attend in obedience to a subpena as provided in ORS 44.171, unless it appears that the absence of the witness was procured by the party offering the deposition; * * *" (Emphasis supplied.)

Husband had notice of the deposition and, in fact, moved to quash the notice of deposition. The motion was denied. Ample opportunity was provided husband to attend the deposition or associate counsel in Idaho for the deposition. Husband made an informed decision, after notice, to forego representation at the deposition; he may not now complain about its admission. We, therefore, examine the award of spousal support in light of this evidence as well as other testimony on the record.

We first conclude the award of $700 per month is appropriate for a period of time following the dissolution, but it is not appropriate in this case to extend that amount of support until wife reaches the age of 62. In determining the award of spousal support we are guided by *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 *rev den* (1974), and *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977). In *Kitson* we said

"* * * If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or

[520]

only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate." 17 Or App at 655-56.

We recognize wife's serious disabilities and the added mental trauma wife experienced as a result of the events leading to the dissolution. The court stated:

> "THE COURT: It is very clear to [me] at this point in [wife's] life she is literally incapable of gainful employment, both from the physical and emotional point of view, and this is confirmed even by the husband's doctors that were brought to the stand."

However, we also note the court's comments that

> "THE COURT: * * * I assume this lady is going to go back to gainful employment * * *.
> "* * * * *
> "THE COURT: She is going to go back to work. This lady has got so much guts and gumption * * *."

On *de novo* review we agree with the trial court that, although wife was unemployed at the time of the dissolution, it is foreseeable to the court that, in all likelihood, she will be able to again become employed.

Because wife needs time to become mentally adjusted to the fact of the dissolution and to become accustomed to her new circumstances which will include learning about the opportunities for employment, we award wife $700 per month for a period of two years from the date of the dissolution. However, because we anticipate that wife will be able to find employment, we award wife thereafter $400 per month as permanent spousal support until the age of 62. This amount takes into consideration the disparity in incomes of the parties[2] and the duration of the marriage. *Grove and Grove, supra.*

Affirmed as modified. No costs to either party.

---

[2] Husband's net wages at the time of the dissolution was approximately $1900 per month and wife's net wages in her last job was approximately $850 per month. Husband has a retirement plan, an allowance for business expenses, medical, dental and life insurance; wife has none of these.