Argued and submitted June 19, affirmed as modified October 9, 1985

In the Matter of the Marriage of

McKINNON,
*Appellant,*
*and*

McKINNON,
*Respondent.*

(83-2-10; CA A33742)

707 P2d 622

Walter T. Aho, Molalla, argued the cause and filed the brief for appellant.

Jerry G. Kleen, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals the spousal support and medical insurance provisions of the parties' dissolution judgment. She contends that the trial court erred in not awarding her permanent spousal support in an increased amount and in not requiring husband to provide her with medical insurance through his employment. We modify and affirm the decree.

The parties were married 19 years. They have one child who is emancipated. No real property was acquired during the marriage. The division of personal property and payment of attorney's fees was settled by stipulation during the trial and approved by the trial court. Husband, age 50, is employed by Publishers Paper Company. His gross monthly income is about $2,625. He has debts of $2,325, which he pays at the rate of $100 monthly. He also owes wife $1,250 for her attorney's fees and costs incurred in this case. At the time of the trial, he had $150 remaining each month after paying all his bills, including $500 monthly *pendente lite* spousal support. He is in good health.

Wife, age 62, has been employed by Birdseye for the past four years. Her net monthly income, from wages and unemployment benefits, is about $334. With assistance from her son who paid her rent she was able to meet her financial needs from her wages plus the $500 monthly *pendente lite* support she received from husband. She has not completed high school. She is in poor health. She suffers from seizures resulting from a head injury, inflicted by husband about ten years ago, for which she takes regular medication. She has medical insurance coverage for her seizure problem through husband's employer but is otherwise unable to obtain medical insurance for treatment of that problem. She also has a disabled shoulder resulting from a 1983 on-the-job injury. The trial court awarded her $300 monthly spousal support for 30 months and required husband to continue her on his medical insurance for 30 months.[1]

In *Kitson and Kitson,* 17 Or App 648, 655-56, 523 P2d

---

[1] The trial court apparently based its decision in part on the fact that when wife reached age 65 she would be eligible for Social Security and Medicare benefits. Evidence in the record of the availability and amount of such benefits is not persuasive.

575, *rev den* (1974), we examined three interrelated questions: (1) whether spousal support should be awarded; (2) if so, in what amount; and (3) for what duration. We stated:

> "While each case must be decided on its own facts and no formula can be stated, certain principles emerge from an examination of [our earlier cases].
>
> "The most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. The wife's employability includes consideration of her education, training, experience, age, health, capacity, whether she has custody of small children, etc. Length of the marriage is germane because the longer the marriage, the more likely it is that the wife has foregone employment experiences, the absence of which will make it more difficult for her to achieve employment and self-sufficiency. If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate."

*See Grove and Grove,* 280 Or 341, 347, 571 P2d 477 (1977).

■■ On *de novo* review, ORS 19.125(3), we conclude that given the length of the the marriage and all other relevant facts, ORS 107.105, wife is entitled to an award of permanent spousal support in the amount of $600 monthly in order to permit her to enjoy a standard of living not disproportionate to the standard of living she enjoyed during the marriage. Husband shall also provide her with medical insurance as long as she is entitled to receive spousal support. We modify the judgment accordingly.

Judgment modified to award wife permanent spousal support of $600 monthly from date of original decree and to require husband to provide her with medical insurance so long as she is entitled to receive spousal support; affirmed as modified. Costs to wife.