Argued and submitted October 25, 1985, decree modified and case remanded
May 7, 1986

In the Matter of the Marriage of

SHULTS,
*Respondent,*
*and*

SHULTS,
*Appellant.*

(84-201 DI; CA A35564)

718 P2d 776

Enver Bozgoz, Klamath Falls, argued the cause and filed the brief for appellant.

Donald R. Crane, Klamath Falls, argued the cause for respondent. With him on the brief was Crane & Bailey, Klamath Falls.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

■　Wife appeals the distribution of marital assets and spousal support of $300 per month for five years awarded in this dissolution of a 30-year marriage. Our review is *de novo.* We are convinced that wife is entitled to support for a longer period than that awarded. Although she is employable, she has limited earning capacity because of her limited education and work experience. She is entitled to permanent spousal support of $300 per month. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974).

■　Husband concedes that the decree did not reflect the stipulation made in open court. The stipulation stated that wife should "receive half of the present value of [husband's] profit-sharing retirement plan, with accumulation of that portion at the time that he receives or becomes eligible to receive." The record does not reflect what "accumulation of that portion" means, whether at a fixed or variable rate of interest. We therefore remand to the trial court for determination of the value of wife's interest in the retirement account.

Decree modified to award wife permanent spousal support of $300 per month; remanded for determination of wife's interest in husband's retirement account. Costs to wife.