Argued October 8, 1979, affirmed as modified May 5, 1980

# In the Matter of the Marriage of
## HALVORSEN,
*Appellant,*
*and*
## HALVORSEN,
*Respondent.*

## (No. 21,834, CA 14523)

610 P2d 307

Robert W. Collins, Pendleton, argued the cause and filed the brief for appellant.

Mark McCulloch, Portland, argued the cause for respondent. With him on the brief was Powers & McCulloch, Portland.

Before Joseph, Presiding Judge, and Richardson, and Warren,* Judges.

JOSEPH, P. J.

---

*Warren, J., *vice* Lee, J., deceased.

**JOSEPH, P. J.**

Wife appeals a decree of dissolution of marriage. She assigns as error the trial court's: (1) valuation of the family business; (2) failure to hold her harmless from husband's business debts; (3) disposition of a debt due the parties from the family business; (4) valuation of the family residence; (5) two year limitation on spousal support to wife; and (6) failure to award her attorney fees. We affirm as modified.

The parties were married for ten years and are both 30 years old. They have two children, ages seven and three. They own 100 of the 200 outstanding shares of a men's clothing business. Husband manages the business and earns a net monthly salary of $1,117. Shortly after they were married, wife quit college to care for their family. She could complete her degree requirements in secondary education in one full year of college. However, she testified that she does not plan to obtain her teaching certificate; rather she intends to seek part-time employment until her youngest child is in school. Her only work experience was as a clothing store salesperson.

The trial court: (1) ordered dissolution of the marriage; (2) granted wife custody of the two minor children; (3) required husband to pay child support of $125 per month per child and all of their medical and dental expenses; (4) required husband to pay wife $400 per month spousal support for two years; (5) awarded wife the family residence and household furnishings, family automobile, an undivided one-half interest in the $11,437.85 debt due the parties from the family business and a cash judgment; and (6) awarded husband the 100 shares of stock in the family business, his interest in a farm,[1] the family interest in a boathouse, and an undivided one-half interest in the $11,437.85 debt.

---

[1] The farm was acquired jointly by husband and his two brothers prior to the parties' marriage.

As stated in *McCoy and McCoy,* 28 Or App 919, 926, 562 P2d 207 (1977):

> "* * * While de novo review may be characterized as a trial anew, the burden is on the appellant to show that the lower court made a mistake. Where there are viable alternatives available, often no two courts can agree which is the preferable. There is often no perfect remedy, but merely a choice between several 'dull axes.' *See Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1976). The role of the appellate court is not to substitute its preferences for that of the lower court. In this case the trial court has attempted to divide an array of marital assets. We may prefer reshuffling but should be reluctant to do so unless our preference is motivated with sufficient conviction to proclaim that the trial court made a mistake."

Wife's expert witness testified that 100 shares of the family business were worth $61,637, whereas husband's expert valued the shares at $13,383. Believing the accounting *method* used by husband's expert to be more realistic, the trial court determined the fair market value of 100 shares to be $21,186. After review of the record, we agree with the trial court's valuation.[2]

Wife contends that the trial court erred in not requiring husband to hold her harmless for business debts incurred during the marriage. Husband was awarded all the stock in the business, and we agree that the decree should be modified to require him to hold wife harmless from business debts.

Wife also contends that the $11,437.85 debt owing to the parties from the family business should not be awarded jointly when husband has been awarded sole ownership of their business. We are not convinced that the trial court made a mistake. Given the uncertainty of the amount actually eventually to be realized on the

---

[2] The valuation by the wife's accountant was far less sensitive to recent developments which had drastically decreased the net profits of the business. No purpose would be served by detailing those developments.

debt and that husband presently has insufficient liquid assets to pay wife one-half of this expectancy, it is fair that her share should not be paid until the company has the ability to pay.

The trial court accepted husband's estimate of the fair market value of the family residence. Wife contends that the trial court should have used the lower assessed value of the residence, in view of the fact that the court adopted the assessed value for the farm. That was the only estimate of the farm's value introduced in evidence. We find no error in the court's valuation of the residence.

Wife contends that permanent spousal support is appropriate. In view of the duration of the marriage, and wife's age, good health and level of education, permanent support is unwarranted.

The trial court did not abuse its discretion in denying attorney fees to the wife. The property was equally divided between the parties, and neither party is in a better position to pay.

Affirmed as modified.