Argued and submitted March 11, affirmed as modified June 15, 1981

In the Matter of the Marriage of

## McRIGHT,
*Appellant,*
*and*
## McRIGHT,
*Respondent.*

(No. 114,488, CA 19148)

629 P2d 865

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt, Swanson & Lathen, P. C., Salem.

James O. Garrett, Salem, argued the cause for respondent. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P. C., Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from a dissolution of marriage decree in which wife seeks modification of the property division and an award of permanent spousal support. We modify the spousal support only.

The facts are as follows: Husband and wife were married in 1957 at the ages of 21 and 18 respectively. At the time of trial this marriage had endured for 23 years; husband was 44 and wife was within a few days of being 42. Husband received a bachelor's degree in management and marketing two years after the marriage and took one semester toward a master's degree. He then began a lengthy career in radio, first as an announcer, thereafter in sales and management. In 1977, he and two associates purchased a radio station in Salem. At the time of the dissolution, husband's net income was $21,000, plus fringe benefits, including a company car, medical insurance and an expense account that averaged approximately $440 per month for the first eight months of 1979. Wife had one semester of college before the marriage. She received no further formal education during the marriage and had no work experience outside the home until she obtained part-time employment in a book store two months before the dissolution. The parties have three children; a son who was 16 years old at the time of the dissolution lives with wife. The court awarded wife temporary spousal support of $1,000 per month for six months, $750 per month for three years and $500 per month for two years. The terminable support was apparently awarded on the basis of wife's testimony that she desires to attend Texas State Technical Institute in Amarillo to study interior decorating. Attending school full-time, her completion of the curriculum would require two to two and one-half years. Wife has some medical problems (a neck condition that causes migraine headaches, colitis and high blood pressure), which she hopes will not interfere with her school work.

The question we address is whether wife, given her age, education level and limited work experience, can be expected, at the time spousal support terminates, to support herself in a manner not overly disproportionate to that she would have enjoyed had there been no dissolution.

*Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Halvorsen and Halvorsen,* 46 Or App 25, 610 P2d 307 (1980).

Although 42 at time of trial, wife will be approximately 45 when she completes her training to become an interior decorator, assuming she has already undertaken that training. No evidence was presented to the trial court on her expected income in that job, but it is unlikely that, as a newcomer to the labor force, even though in a "professional" position, she will earn what husband will be earning. While his income may be at its maximum level, she will be experiencing her first exposure to the labor market. What difficulties she will experience we cannot predict. Her health problems may also contribute to earnings difficulties.

The Supreme Court said in *Grove and Grove, supra:*

"We will not ignore the fact that, at least until recent years, young women entering marriage were led to believe—if not expressly by their husbands-to-be, certainly implicitly by the entire culture in which they had come to maturity—that they need not develop any special skills or abilities beyond those necessary to homemaking and child care, because their husbands, if they married, would provide their financial support and security. We cannot hold that women who relied on that assurance, regardless of whether they sacrificed any specific career plans of their own when they married, must as a matter of principle be limited to the standard of living they can provide for themselves if 'employed at a job commensurate with [their] skills and abilities.' The marriage itself may well have prevented the development of those skills and abilities." 280 Or at 351-52.

The evidence is that wife did sacrifice her career plans—that she was led to believe that she should not work outside the home and that her interest in interior decorating would be realized after husband purchased his own radio station and the children were older. Although wife testified she intends to become trained as an interior decorator, that alone does not show that wife will be able to support herself in a manner 'not overly disproportionate to that she would have enjoyed had there been no dissolution." *Grove and Grove, supra,* 280 Or at 353, approving

language in *Kitson and Kitson,* 17 Or App 648, 655-56, 523 P2d 575 (1974). If she is eventually able to do so, our award of permanent spousal support may be modified. Therefore, we modify the decree to award wife $1,000 per month for six months from the date of the decree, $750 per month for three years thereafter, and $500 per month thereafter.

Affirmed as modified. No costs to either party.