Argued and submitted July 17, affirmed as modified
and remanded for reconsideration December 30, 1981

In the Matter of the Marriage of
DRAMEN,
*Appellant - Cross-Respondent,*

*and*

DRAMEN,
*Respondent - Cross-Appellant.*

(No. 7772, CA 19694)

637 P2d 1341

B. D. Fancher, Bend, argued the cause for appellant - cross-respondent. On the brief was Brian J. MacRitchie, Bend.

Robert L. Nash, Bend, argued the cause for respondent - cross-appellant. With him on the brief was Johnson, Marceau, Karnopp & Peterson, Bend.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

Husband appeals from the financial provisions of a decree of dissolution, challenging the trial court's valuation of the marital assets, the award of permanent spousal support and the provisions for child support. Wife cross-appeals, contending that the amount of permanent spousal support should be increased and that she should have been awarded attorney and expert witness fees. We review *de novo*. ORS 19.125(3).

The parties were married for 23 years. There were four children born, one of whom is still a minor.[1] Husband is 49 years old and a practicing optometrist in Bend. His net income from his practice in 1979 was $45,604.[2] Wife is 48 years old and, although trained as a dietitian, she has not practiced any profession except that of homemaker since the very early years of the marriage.

The trial court found that the parties owned marital assets worth $373,812.37. These included husband's optometry practice, the family home, an apartment complex, furniture, vehicles, bank accounts and other personal property. The trial court found the parties' equity in the apartment complex and house to be $185,000 and $78,000, respectively. It valued the optometry practice at $20,000. The valuations of these assets are the only ones challenged on appeal. The apartments were awarded to wife, along with other assets, for a total award of property valued at $199,500; the house, the practice, the bank accounts, and other assets awarded to husband had a value of $174,312.37. Wife was ordered to pay husband one-half the difference between these awards, namely $12,591.32, in three years with 9 percent interest. She was also awarded permanent spousal support in the amount of $1250 per month for two years and $500 per month thereafter. Husband was ordered to pay $250 per month child support for the parties' minor child.

As to the division of property, husband challenges the trial court's valuation of the apartments and house. He

---

[1] Custody of the minor child was awarded to wife and is not challenged on appeal.

[2] The expression "net income" is used throughout this opinion to mean taxable income rather than income remaining after applicable taxes have been paid.

claims that the equity in the apartments is $211,114, and the equity in the house is between $63,000 and $68,000. Therefore, he claims, the division of the marital property was inequitable, and the payment due him from wife should be increased. Wife claims that the practice was undervalued by the trial court by $10,000 to $15,000, and so the payment due from her should be reduced.

In support of his assessments of the property values, husband cites his testimony at the hearing that the apartments were worth between $400,000 and $425,000, subject to a mortgage balance of approximately $215,000. It was stipulated that husband's expert would testify that in his opinion the value of the apartments was $427,000, but no evidence was presented as to the basis for this opinion. The trial court's valuation of the equity in the apartment complex at $185,000 was within the range of husband's testimony at the hearing that it had a value of at least $400,000, subject to a $215,000 mortgage, and we decline to disturb it.

Husband testified that the house was worth between $95,000 and $100,000, less a mortgage of $32,000, resulting in an equity of $68,000. Earlier, however, during the taking of a deposition, husband testified that the house was worth between $110,000 and $120,000. It is apparent that the trial court believed that husband's testimony on deposition (at a time when he may have believed wife would be awarded the marital dwelling) was more accurate than his testimony at trial and calculated the equity in the home by subtracting the $32,000 mortgage from the husband's low deposition estimate of $110,000. Again, this ruling will not be disturbed.

■  On her cross-appeal, wife contends that the trial court undervalued husband's practice when it placed upon it a value of $20,000. Wife's expert witness testified that the practice was worth $30,000 as an investment, if husband continued to operate it and that the professional equipment had a value of $6000. Evidence was presented, however, which showed that the practice could not be readily sold and that, if a buyer were found, the actual purchase price would be considerably less than the theoretical investment value. We conclude that the trial court's valuation of all the marital

property was reasonable. This court will not modify a property division unless it is persuaded that a clearly preferable division can be made. *Frishkoff and Frishkoff,* 45 Or App 1033, 610 P2d 831 (1980). We, therefore, decline to modify the trial court's division of marital property.

■     The next issue to be considered is the award of permanent spousal support. Husband contends that with one or two years of additional training in dietetics, wife could find employment as a registered dietitian earning between $15,000 and $20,000 per year.[3] He claims that the apartments will net between $5000 and $6000 per year, plus an $11,833 depreciation allowance. On the basis of these figures, he argues that permanent spousal support is inappropriate, because wife will realize an income which will be adequate to meet her needs. Wife argues on cross-appeal that the trial court's award of $1250 per month for two years and $500 per month thereafter is insufficient, given her job prospects, earning capacity and the standard of living she enjoyed during the marriage.

■     The most significant factor in determining whether permanent spousal support is appropriate is whether the supported spouse is employable at an income which will allow her to enjoy a standard of living not overly disproportionate to that which she would have enjoyed had the marriage not been dissolved. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1979); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 *rev den* (1974). This court may consider wife's training, experience, age, health, education and capacity in determining the amount and duration of support, *Kitson and Kitson, supra,* and it is proper to attempt to reduce substantial financial inequality between parties to marriages of long duration. *Grove and Grove, supra.*

The facts in this case show that wife is currently unemployed. Although the wife has inquired about employment in the field of dietetics in the Bend area, work in that field is not currently available. Wife is 48 years old, and her only professional experience was over twenty years

---

[3] Husband's estimate of wife's earning capacity is based on the salary earned by the head dietitian at a major Portland hospital.

ago. If she receives additional training and could find employment, she could earn about $5.50 per hour as an unregistered dietitian; if she received certification, she might earn $6.50 per hour. Her prospects for employment in today's job market are not bright. Although wife was trained as a dietitian, it is by no means certain that she will be able to support herself practicing that profession. *See McRight and McRight,* 52 Or App 785, 629 P2d 865 (1981).

Husband's income from his optometry practice was greater than $45,000 in 1979, and there is evidence that the income from the practice had increased steadily over the previous five years and that this trend will continue. Wife, on the other hand, has an annual income around $5000 from the apartments, [4] plus the prospect, by no means a certainty, of earning between $12,000 and $13,000 per year as a dietitian.

Because of wife's uncertain employment future and the differences in the financial position of the parties, we conclude that permanent spousal support is appropriate. We further find that the trial court's award is not sufficient to enable wife to enjoy a standard of living not disproportionate to that which she would have enjoyed but for the dissolution. The award is modified to provide that wife shall receive spousal support in the amount of $1250 per month for three years, $1000 per month for an additional two years and $750 per month thereafter.

■ Finally, husband contends that the award of child support should be re-evaluated in light of the Supreme Court's recent decision in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), in which it was held that the income of the custodial parent should be considered in determining the amount of support to be paid by the noncustodial parent. The *Smith* formula was not followed in this case and on remand should be considered by the trial court.

---

[4] Husband urges that the depreciation allowance on the apartments be considered income to wife; however, husband testified that the run-down condition of the apartments made it difficult to find tenants; at the time of the hearing there were several vacancies. The evidence shows that if the apartments are to continue as an income- producing asset, it will be necessary to reinvest the depreciation allowance to maintain and improve the buildings and, therefore, that money will not be available, at least in the near future, as income to wife which she may use to support herself.

■       Although the trial court awarded no attorney fees, the parties stipulated that it might do so. The record shows that husband received most of the parties' savings accounts and other disposable assets and that wife has only a small amount of savings and is presently unemployed. We hold under the circumstances that wife should be awarded her attorneys fees, together with costs.[5]

The decree of the trial court is affirmed as modified to award wife spousal support of $1250 per month for three years, $1000 per month for two years, and $750 per month thereafter. We remand for reconsideration of child support in light of *Smith v. Smith, supra,* and for award of attorney fees and costs. Costs on appeal to respondent - cross-appellant.

---

[5] Wife also contends the trial court should have awarded her approximately $1700 for expenses incurred in retaining an expert to evaluate the husband's optometry practice pursuant to ORS 107.105(h). We conclude, given the nature and quality of the testimony offered, the trial court did not abuse its discretion in declining to make the requested award.