In the Matter of the Marriage of
SHAFFNER,
*Respondent - Cross-Appellant,*
and
SHAFFNER,
*Appellant - Cross-Respondent.*
(15-82-10449; CA A30648)
695 P2d 51

Clayton C. Patrick, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Roy Dwyer, Eugene.

Gregory E. Veralrud, Eugene, argued the cause for

respondent - cross-appellant. With him on the brief was Frye & Veralrud, P.C., Eugene.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Husband appeals from a decree of dissolution that ended the parties' 22-year marriage. He contends that the trial court erred in awarding wife the "long half" of the assets as well as permanent spousal support. We disagree. Wife cross-appeals, arguing that the court should have awarded her a certain piece of rental property instead of giving her a one-half interest in husband's approximately $50,000 retirement account. We agree and modify the decree.

Husband has worked for Georgia-Pacific for over 20 years as a sales representative. At the time of this appeal, his salary was $1,800 per month, plus commissions. In 1982, he grossed $28,260. During the six-month period of May through October, 1983, he grossed $17,791; that was during the months when his commissions have usually been the highest.

Wife is 42 years old. She was awarded custody of the parties' 11-year-old minor child. She nets $320 a month from a part-time job with the Lane Educational Service District and receives $100 a month plus expenses as the Executive Secretary of Oregon Career and Vocational Administrators. She has earned 69 hours of college credit and plans to finish her college education. Her career goal is to obtain employment in the hotel, resort and travel industry.

The trial court made the division of the marital estate set out in the note.[1] The valuations of both parties are shown,

[1]

| (Husband's Values) | (Wife's Values) | Item Awarded | (Husband's Values) | (Wife's Values) |
|---|---|---|---|---|
| | | **Awarded to Husband** — | **Awarded to Wife** | |
| $ - | $ - | Dahlia property (home) | $ 59,000 | $50,000 |
| 30,500 | 25,000 | Knoop property | - | - |
| 18,000 | 25,640 | Dublin property | - | - |
| 3,300 | 3,300 | '76 Jeep | - | |
| - | - | '77 Pontiac | 3,400 | 3,400 |
| 2,950 | 2,000 | Terry trailer | - | - |
| 300 | 300 | '73 Chevrolet | - | - |
| 24,550 | 25,150 | Husband retirement | 24,550 | 25,150 |
| - | - | Wife's retirement | 1,162 | 1,162 |
| - | - | Tax refund | 1,700 | 1,700 |
| 1,950 | 1,950 | Money in safety deposit box | - | - |
| 3,136 | 3,693 | Personal items | 13,454 | 12,205 |
| $84,686 | $87,033 | TOTALS | $103,266 | $93,617 |

because the trial court did not indicate which values it had used in making its decision. Husband also was ordered to pay $200 per month in child support and $500 per month, to be reduced to $300 per month at the end of five years, as permanent spousal support.

Husband argues that the court erred in awarding wife the "long half" of the assets and spousal support. He asserts that the award of spousal support is particularly inappropriate, because wife is relatively young, has some training, has been employed in secretarial positions during the marriage and is currently employed in an administrative position.

We conclude that, considering all the circumstances, including the ranges of claimed values, the property division is "just and proper" with respect to the respective amounts *in toto*. ORS 107.105(1)(f). The trial court's approximate halving of the parties' assets has not been demonstrated to us to be inequitable, and we decline to disturb that quantitative division. *See Pierce and Pierce,* 70 Or App 24, 688 P2d 114 (1984); *Dramen and Dramen,* 55 Or App 337, 637 P2d 1341 (1981). Furthermore, an award of permanent spousal support is "just and equitable," considering the length of the marriage and the respective *present* earning capacities of the parties. ORS 107.105(1)(d)(A), (D), (E), (F) and (K).

Wife argues on cross-appeal that the court erred in awarding her one-half of husband's retirement account instead of the Knoop Street rental property. The retirement account was valued by the trial court at $50,303.70. The Knoop Street property was valued by wife at $25,000 and by husband at $30,500. Wife contends that the award of the property rather than the interest in husband's retirement benefits as and when received will substantially preserve the trial court's overall division of property and minimize the parties' continued entanglement. We agree and modify the decree to award wife the Knoop Street property and to give husband his entire retirement account free and clear of any interest in wife.

The Knoop Street property brings in gross rental income of $225 a month. Although the record does not allow us to determine what the net income is, the addition to wife's income does warrant an adjustment of husband's support

obligation. Spousal support shall be decreased to $300 a month on the date of the transfer of the property to wife and shall continue at that level until five years after the date of the original decree. Thereafter wife shall receive $100 a month as permanent spousal support. She shall be responsible for the accumulated back taxes on the property for the tax years 1980 through 1984.

Decree modified to award husband the sole interest in his Georgia-Pacific retirement account, to award wife the Knoop Street property with liability for accumulated unpaid real property taxes and to reduce husband's spousal support obligation to $300 a month from the date of the transfer of the Knoop Street property to wife until five years after the date of the original decree and $100 a month thereafter. The decree is affirmed as modified. Costs to neither party.